LETTS, Chief Judge.
This case should not have been decided by the entry of a summary judgment. There remain many unresolved material issues of fact. We reverse.
The original mortgages held by the Bank were extended by a mutual written agreement which specified that two additional parcels (3 and 4) would be covered by the mortgages. Allegedly by clerical mistake and inadvertence, the actual descriptions of these two additional parcels were omitted from the appellant’s document actually recorded in the public records. Because of this omission and a stipulation with the Bank that the Bank’s mortgage was inferi- or to his, a later and otherwise junior lien-holder successfully claimed priority over parcels 3 and 4 and secured a favorable summary judgment over the appellant’s objections and attempts to amend its pleadings.
Apart from anything else, it is obvious that there is evidence that the later and allegedly junior lienholder had actual knowledge that the prior mortgages had been expanded to include all four parcels regardless of the omission of the description from the schedule attached to the recorded extension instrument. The junior lienholder in fact alleged in initial pleadings the superiority of appellant’s mortgage.
Moreover, mortgage foreclosures are equitable proceedings in which amendments of pleadings, and opportunities to try to reform instruments to reflect their true intent, should be permitted if not encouraged.
In any event, the outstanding issues here preclude summary judgment and permit of an amended complaint and answer to the counterclaim. This cause is reversed and remanded in accordance herewith.
REVERSED AND REMANDED.
BERANEK, J., concurs in conclusion only.
DOWNEY, J., dissents with opinion.