779 So.2d 396 (2000)
The HUNTINGTON NATIONAL BANK, Appellant,
v.
MERRILL LYNCH CREDIT CORPORATION, a Delaware corporation, Appellee.
No. 2D98-4842.
District Court of Appeal of Florida, Second District.
August 2, 2000.
*397 Jeanette Martinez of Porter, Wright, Morris & Arthur, Naples, for Appellant.
Harold N. Hume, Jr. and Gerald W. Pierce of Henderson, Franklin, Starnes & Holt, P.A., Fort Myers, for Appellee.
NORTHCUTT, Judge.
This case involves a dispute between The Huntington National Bank and Merrill Lynch Credit Corporation over the priority of their mortgages on Diana Perkinson's property. We reverse a summary judgment dismissing with prejudice Huntingon's effort to reform and foreclose its mortgage.
The record on Merrill Lynch's motion for summary judgment comprised the pleadings and two affidavits by Huntington loan officers. These reflected that in February 1992 Perkinson gave Huntington a note evidencing a commercial draw loan in the amount of $1,518,000. The note provided that Perkinson would repay Huntington that sum "or so much thereof as shall have been advanced by the Bank at any time and not hereafter repaid." Further, the note stated that "[t]he obligations... may from time to time be evidenced by another note or notes given in substitution, renewal or extension hereof. Any security interest or mortgage which secures the obligations evidenced hereby shall remain in full force and effect notwithstanding any such substitution, renewal, or extension." Perkinson's loan application reflected that the loan was to be collateralized by a securities account, by real property in Ohio, and by the Lee County property at issue here.
In March 1992 Perkinson executed a $500,000 mortgage on the Lee County property in favor of Huntington. However, the printed portion of the form mortgage referred to a non-existent note of even date. Huntington's pleadings and affidavits asserted that this was a mistake, and that the mortgage was intended to secure the February 1992 commercial draw note. By its terms, the mortgage secured "the repayment of the debt evidenced by the Note ... and all renewals, extensions and modifications of the Note." It was recorded in July 1992.
By January 1997, payments and sales of collateral had reduced the balance owed on the commercial draw loan to $156,000. Perkinson gave Huntington a promissory note in that amount. Although no additional mortgage was given, this note stated that it was "secured by a mortgage on real estate located in Lee County, Florida." In its pleadings and affidavits Huntington characterized this note as a renewal of the February 1992 commercial draw note.
Meantime, in April 1994 Perkinson had executed two mortgages in the amounts of $850,000 and $150,000 encumbering the *398 same Lee County property in favor of Merrill Lynch. In June 1998 Huntington filed a mortgage foreclosure action against Perkinson and all junior lienholders, including Merrill Lynch. Ultimately, Huntington filed a third amended complaint seeking to reform its mortgage to reflect that it secured the February 1992 loan, to foreclose on the Lee County property, and to collect under the February 1992 and January 1997 notes.
Merrill Lynch filed a motion for partial summary judgment, contending that the security of Huntington's mortgage was limited to the principal amount of $500,000, and that because Perkinson had repaid more than that sum the mortgage had ceased to be a lien on the property. Second, Merrill Lynch argued that it was entitled to rely on the public records when making a decision whether to lend money and that Huntington was precluded from increasing the amount of its mortgage after later mortgagees had recorded their mortgages.
Summary judgment is proper only when no genuine issue of material fact exists after all reasonable inferences have been drawn in favor of the nonmovant. See Floyd v. Homes Beautiful Const. Co., 710 So.2d 177, 179 (Fla. 1st DCA 1998). Further, "the primary rule of construction of a mortgage is to ascertain the intention of the parties, which is accomplished not only from the face of the instrument but also from the situation of the parties and the nature and object of the transactions." Boyette v. Carden, 347 So.2d 759, 761 (Fla. 1st DCA 1977). Mortgage foreclosures are equitable proceedings in which opportunities to try to reform instruments to reflect their true intent should be permitted if not encouraged. See Trustees of C.I. Mortgage Group v. City Housing Corp., 422 So.2d 323, 324 (Fla. 4th DCA 1982).
Clearly, in this case Huntington's filings created an issue of fact as to whether the true purpose of its mortgage was to secure the February 1992 commercial draw loan. If so, by the terms of that note the mortgage furnished $500,000' worth of security for any portion of the loan still owing at any time. In other words, regardless of how much Perkinson may have paid on the obligation, the mortgage secured up to $500,000 of the balance remaining unpaid.
Moreover, reformation of the mortgage to reflect that it secured the February 1992 note would not prejudice Merrill Lynch. Either way, the public records gave Merrill Lynch constructive notice of a $500,000 mortgage in favor of Huntington for which no satisfaction had been recorded. As long as the debt remained and the mortgage was unsatisfied of record, there was no right to presume that it had been satisfied or extinguished. See Drake Lumber Co. v. Semple, 100 Fla. 1757, 100 Fla. 1771, 130 So. 577, 581 (1930).
Reversed and remanded for further proceedings.
ALTENBERND, A.C.J., and FULMER, J., Concur.