SILBERMAN, Judge.
 

 David Verizzo, pro se, appeals a final judgment of foreclosure entered after the trial court granted the motion for summary judgment filed by the Bank of New York, as successor trustee under Novastar Mortgage Funding Trust, Series 2006-3 (the Bank). Because the Bank’s summary judgment evidence was not timely served and filed and because a genuine issue of material fact remains, we reverse and remand for further proceedings.
 

 The Bank filed a two-count complaint against Verizzo seeking to reestablish a lost promissory note and to foreclose a mortgage on real property. Included in the attachments to the complaint was a copy of the mortgage. The mortgage indicated that the lender was Novastar Mortgage, Inc., a Virginia corporation (Novastar), and that the mortgagee was Mortgage Electronic Registration Systems, Inc. (MERS), acting as a nominee for Novastar. The attachments to the complaint did not include copies of the note or any assignment of the note and mortgage to the Bank. Verizzo filed a motion for enlargement of time to respond to the complaint. The Bank agreed to the entry of an order allowing Verizzo to file a response within 20 days from the date of entry of the order.
 

 On August 5, 2008, before Verizzo had responded to the complaint, the Bank served its motion for summary final judgment of foreclosure. The summary judgment hearing was scheduled for August 29, 2008. On August 18, 2008, the Bank served by mail a notice of filing the original promissory note, the original recorded mortgage, and the original recorded assignment of mortgage. The assignment reflects that MERS assigned the note and mortgage to the Bank of New York. However, the note bears an endorsement, without recourse, signed by Novastar stating, “Pay to the Order of: JPMorgan Chase Bank, as Trustee.”
 

 On the date of the summary judgment hearing, Verizzo filed a memorandum in opposition to the Bank’s motion. He argued, among other things, that his response to the complaint was not yet due in accordance with the agreement for enlargement of time, that the Bank did not timely file the documents on which it relied in support of its motion for summary judgment, and that the documents were insufficient to establish that the Bank was the owner and holder of the note and mortgage.
 

 On August 29, 2008, the trial court granted the motion for summary judgment and entered a final judgment of foreclosure. We review the summary judgment by a de novo standard.
 
 Estate of Githens ex rel. Seaman v. Bon Secours-Maria Manor Nursing Care Ctr., Inc.,
 
 928 So.2d 1272, 1274 (Fla. 2d DCA 2006). “A mov-ant is entitled to summary judgment ‘if the pleadings, depositions, answers to interrogatories, admissions, affidavits, and other materials as would be admissible in evidence on file show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.’ ”
 
 Id.
 
 (quoting Fla. R. Civ. P. 1.510(c)). If a plaintiff files a motion for summary judgment before the defendant answers the complaint, “the plaintiff must conclusively show that the defendant cannot plead a genuine issue of material fact.”
 
 E.J. Assocs., Inc. v. John E. & Aliese Price Found., Inc.,
 
 515 So.2d 763, 764 (Fla. 2d DCA 1987).
 

 Rule 1.510(c) requires that the movant “serve the motion at least 20 days
 
 *978
 
 before the time fixed for the hearing[ ] and shall also serve at that time copies of any summary judgment evidence on which the movant relies that has not already been filed with the court.” Further, cases have interpreted the rule to require that the movant also file the motion and documents with the court at least twenty days before the hearing on the motion.
 
 See Mack v. Commercial Indus. Park, Inc.,
 
 541 So.2d 800, 800 (Fla. 4th DCA 1989);
 
 Marlar v. Quincy State Bank,
 
 463 So.2d 1233, 1233 (Fla. 1st DCA 1985);
 
 Coastal Caribbean Corp. v. Rawlings,
 
 361 So.2d 719, 721 (Fla. 4th DCA 1978). The promissory note and assignment constituted a portion of the evidence that the Bank relied on in support of its motion for summary judgment, and it is undisputed that the Bank did not attach those documents to the complaint or serve them at least twenty days before the hearing date. In fact, although the Bank’s notice of filing bears a certificate of service indicating that the notice was served on August 18, 2008, the notice and the documents were not actually filed with the court until August 29, 2008, the day of the summary judgment hearing.
 

 In addition to the procedural error of the late service and filing of the summary judgment evidence, those documents reflect that at least one genuine issue of material fact exists. The promissory note shows that Novastar endorsed the note to “JPMorgan Chase Bank, as Trustee.” Nothing in the record reflects assignment or endorsement of the note by JPMorgan Chase Bank to the Bank of New York or MERS. Thus, there is a genuine issue of material fact as to whether the Bank of New York owns and holds the note and has standing to foreclose the mortgage.
 
 See Mortgage Electronic Registration Sys., Inc. v. Azize,
 
 965 So.2d 151, 153 (Fla. 2d DCA 2007) (recognizing that the owner and holder of a note and mortgage has standing to proceed with a mortgage foreclosure action);
 
 Philogene v. ABN Amro Mortgage Group, Inc.,
 
 948 So.2d 45, 46 (Fla. 4th DCA 2006) (determining that the plaintiff “had standing to bring and maintain a mortgage foreclosure action since it demonstrated that it held the note and mortgage in question”).
 

 Therefore, based on the late service and filing of the summary judgment evidence and the existence of a genuine issue of material fact, we reverse the final summary judgment and remand for further proceedings.
 

 Reversed and remanded.
 

 WHATLEY and MORRIS, JJ., Concur.