ORFINGER, C.J.
Ginnifer Gee appeals from a final summary judgment of foreclosure entered in favor of U.S. Bank National Association as Trustee for the Structured Asset Investment Loan Trust 2005-10 (“U.S. Bank”). Ms. Gee argues, among other things, that (1) U.S. Bank lacked standing to bring the foreclosure action, and (2) the summary judgment was entered on grounds that were not raised in the summary judgment motion. We reverse the summary judgment.
U.S. Bank filed a complaint against Ms. Gee seeking to reestablish a lost note and mortgage, reform the legal description contained in the mortgage and the deed by which Ms. Gee acquired title to the mortgaged property, and then to foreclose the reestablished and reformed note and mortgage. U.S. Bank’s complaint alleged that Ms. Gee executed and delivered a promissory note and mortgage (collectively, “the Mortgage”) to Advent Mortgage, LLC, which, in turn, assigned the Mortgage to Option One Mortgage Corporation. American Home Mortgage Servicing, Inc., purporting to act as successor in interest to Option One, then assigned the Mortgage to U.S. Bank, and U.S. Bank asserted that the Mortgage was in default.[1] Ms. Gee, acting pro se, filed an answer, generally denying U.S. Bank’s allegations.
U.S. Bank subsequently filed a motion for summary judgment of foreclosure. The motion was silent regarding the reestablishment and reformation claims. In support of U.S. Bank’s motion, an employee of American Home, now purporting to act as U.S. Bank’s servicing agent, filed an affidavit, averring that the complaint’s allegations were true based on her knowledge as custodian of U.S. Bank’s business rec *213 ords, that U.S. Bank owned and held the Mortgage, and that Ms. Gee defaulted under the Mortgage by failing to make payments as due. Neither the motion nor the affidavit made mention of the lost note, the lost mortgage, or the claim for reformation of the deed and mortgage. To the contrary, the summary judgment motion stated that “the original promissory note, mortgage and assignment of mortgage would be filed on or before the hearing.” After a hearing, the court entered a summary final judgment of foreclosure, which reestablished the lost Mortgage, reformed the legal description contained in the mortgage and the warranty deed, and foreclosed the reestablished and reformed Mortgage. This appeal followed.
This Court reviews an order granting summary judgment de novo. See The Fla. Bar v. Greene, 926 So.2d 1195, 1200 (Fla.2006). Summary judgment is appropriate only “if there is no genuine issue of material fact and if the moving party is entitled to a judgment as a matter of law.” Volusia Cnty. v. Aberdeen at Ormond Beach, L.P., 760 So.2d 126, 130 (Fla.2000). The court may consider “affidavits, answers to interrogatories, admissions, depositions, and other materials as would be admissible in evidence” on which the parties rely. Fla. R. Civ. P. 1.510(c). But in doing so, the court must draw “every possible inference” in favor of the non-moving party. Dreggors v. Wausau Ins. Co., 995 So.2d 547, 549 (Fla. 5th DCA 2008); Edwards v. Simon, 961 So.2d 973, 974 (Fla. 4th DCA 2007).
Ms. Gee first challenges U.S. Bank’s standing to bring the action. The proper party with standing to foreclose a note and mortgage is the holder of the note and mortgage or the holder’s representative. See BAC Funding Consortium Inc. ISAOA/ATIMA v. Jean-Jacques, 28 So.3d 936, 938 (Fla. 2d DCA 2010). Thus, “[t]he party seeking foreclosure must present evidence that it owns and holds the note and mortgage in question in order to proceed with a foreclosure action.” Lizio v. McCullom, 36 So.3d 927, 929 (Fla. 4th DCA 2010). A plaintiff must tender the original promissory note to the trial court or seek to reestablish the lost note under section 673.3091, Florida Statutes (2010). State St. Bank & Trust Co. v. Lord, 851 So.2d 790, 791 (Fla. 4th DCA 2003). If the note does not name the plaintiff as the payee, the note must bear an endorsement in favor of the plaintiff or a blank endorsement. Riggs v. Aurora Loan Servs., LLC, 36 So.3d 932, 933 (Fla. 4th DCA 2010). Alternatively, the plaintiff may submit evidence of an assignment from the payee to the plaintiff or an affidavit of ownership to prove its status as a holder of the note. See Verizzo v. Bank of N.Y., 28 So.3d 976 (Fla. 2d DCA 2010); Stanley v. Wells Fargo Bank, 937 So.2d 708 (Fla. 5th DCA 2006).
Here, the record does not contain the original Mortgage. To prove its ownership, U.S. Bank filed a copy of the Mortgage as well as two assignments. The first assignment transferred the Mortgage from Advent Mortgage, the original mortgagee, to Option One. The second assignment purported to transfer the mortgage from American Home, as successor in interest of Option One, to U.S. Bank. However, and significant to our consideration, U.S. Bank provided nothing to demonstrate how American Home came to be the successor in interest to Option One.[2]
Incredibly, U.S. Bank argues that “[i]t would be inequitable for [Ms. Gee] to avoid foreclosure based on the absence of an endorsement to [it].” But that argument *214 flies in the face of well-established precedent requiring the party seeking foreclosure to present evidence that it owns and holds the note and mortgage in question in order to proceed with a foreclosure action. See Verizzo, 28 So.3d at 978; Philogene v. ABN Amro Mortg. Group Inc., 948 So.2d 45, 46 (Fla. 4th DCA 2006). When Ms. Gee denied that U.S. Bank had an interest in the Mortgage, ownership became an issue that U.S. Bank, as the plaintiff, was required to prove. See Lizio, 36 So.3d at 929; Carapezza v. Pate, 143 So.2d 346, 347 (Fla. 3d DCA 1962). As U.S. Bank failed to offer any proof of American Home’s authority to assign the Mortgage, we conclude that it failed to establish its standing to bring the foreclosure action as a matter of law.[3] See Servedio v. U.S. Bank Nat’l Ass’n, 46 So.3d 1105, 1107 (Fla. 4th DCA 2010) (explaining that plaintiff may submit evidence of assignment from payee to plaintiff or affidavit of ownership to prove its status as holder of note); see also Khan v. Bank of Am., N.A., 58 So.3d 927, 928 (Fla. 5th DCA 2011) (holding that bank failed to establish it had standing to foreclose mortgage as matter of law where copy of note attached to amended complaint bore endorsement assigning note to another bank); Verizzo, 28 So.3d at 977 (finding genuine issue of fact as to whether bank owned and held note where record did not reflect assignment or endorsement of note to bank). Cf. Isaac v. Deutsche Bank Nat’l Trust Co., 74 So.3d 495, 2011 WL 1261142 (Fla. 4th DCA 2011) (holding that assignee of promissory note and mortgage adequately established its ownership of note and mortgage, as necessary to confer standing to bring foreclosure action, where assignee filed original note and mortgage, along with allonge payable to bearer, and affidavit from representative of successor in interest to previous assign-ee); Taylor v. Deutsche Bank Nat’l Trust Co., 44 So.3d 618 (Fla. 5th DCA 2010) (holding that written assignment of promissory note and mortgage from nominee of original lender to bank was sufficient to confer upon bank authority to foreclose mortgage, even though nominee had no beneficial interest in note and note was not endorsed by original lender; mortgage gave nominee explicit power to enforce note by foreclosing note and nominee assigned that right to bank).
Ms. Gee also asserts that the trial court improperly entered summary judgment on the reestablishment and reformation claims when these claims were not raised in U.S. Bank’s summary judgment motion. We agree. A motion for summary judgment must “state with particularity the grounds upon which it is based and the substantial matters of law to be argued....” Fla. R. Civ. P. 1.510(c). The burden to conclusively establish the nonexistence of a disputed issue of material fact and entitlement to judgment as a matter of law rests squarely with the mov-ant. See Holl v. Talcott, 191 So.2d 40, 43- *215 44 (Fla.1966); Bloch v. Berkshire Ins. Co., 585 So.2d 1137, 1138 (Fla. 3d DCA 1991). The purpose of this rule is “to prevent ‘ambush’ by allowing the nonmoving party to be prepared for the issues that will be argued at the summary judgment hearing.” City of Cooper City v. Sunshine Wireless Co., 654 So.2d 283, 284 (Fla. 4th DCA 1995). “It is reversible error to enter summary judgment on a ground not raised with particularity in the motion.” Williams v. Bank of Am. Corp., 927 So.2d 1091, 1093 (Fla. 4th DCA 2006).
As Ms. Gee contends, U.S. Bank’s summary judgment motion made no mention of its claim to reestablish the lost Mortgage and identified no evidence to support its claim that these documents were lost. Instead, the motion declared the opposite — that “[t]he original promissory note, mortgage and assignment of mortgage will be filed on or before the hearing.” Yet, the court considered a lost documents affidavit at the summary judgment hearing and reestablished the Mortgage in the final judgment. Similarly, the summary judgment motion made no mention of U.S. Bank’s claim to reform the legal description in the deed and mortgage, nor was the issue discussed at the summary judgment hearing. Still, the court reformed the original mortgage and deed, and modified the legal description.
Because U.S. Bank’s motion did not address any facts or law pertaining to its entitlement to summary judgment on its claims to reestablish the lost instruments and reform the deed and mortgage, the trial court erred in entering summary judgment on these grounds. By failing to state with particularity the grounds upon which its summary judgment motion was based, U.S. Bank failed to provide Ms. Gee with proper notice of the separate issues to be resolved and why U.S. Bank was entitled to summary judgment.[4] See Locke v. State Farm Fire & Cas. Co., 509 So.2d 1375, 1376-77 (Fla. 1st DCA 1987) (holding that summary judgment motion was insufficient to place non-moving party on notice of issues to be argued at hearing as motion merely stated that no material issues existed and movant was entitled to judgment); see also State Farm Mut. Auto. Ins. Co. v. Mashburn, 15 So.3d 701, 706 (Fla. 1st DCA 2009) (reversing summary judgment entered against insurer based on notice issue, which was not raised with particularity in summary judgment motion; raising issue in attached affidavits was insúfla- *216 cient); Deluxe Motel, Inc. v. Patel, 727 So.2d 299, 301 (Fla. 5th DCA 1999) (reversing summary judgment that was based on arguments made at hearing but not in motion); Sunshine Wireless Co., 654 So.2d at 284 (reversing summary judgment for insufficient notice of issues to be addressed and noting that particularity rule was designed to prevent “ambush” by allowing nonmoving party to be prepared for issues that will be argued at summary judgment hearing); Boucher v. First Cmty. Bank of Orange City, 626 So.2d 979, 982 (Fla. 5th DCA 1993) (reiterating that on summary judgment, court is limited to grounds raised in motion).
For these reasons, we reverse the final summary judgment of foreclosure entered in favor of U.S. Bank, and remand for further proceedings.
REVERSED and REMANDED.
COHEN, J. and, RUDISILL, M.J., Associate Judge, concur.

. Copies of the relevant instruments were attached to the complaint or filed with the trial court prior to the summary judgment hearing.

. U.S. Bank’s appellate counsel did not represent it below.

. For these reasons, U.S. Bank's reliance on Greeley v. De Cottes, 24 Fla. 475, 487, 5 So. 239, 242 (Fla.1888) ("The rule that courts of equity have authority to reform all deeds, mortgages, contracts, and all similar instruments, so as to make them conform to the true intent of the parties thereto, is well established.”), disapproved of on other grounds by Fisher v. Villamil, 62 Fla. 472, 56 So. 559 (Fla.1911); MCZ/Centrum Flamingo I, LLC v. AIMCO/Bethesda Holdings, Inc., 988 So.2d 89 (Fla. 3d DCA 2008) (recognizing that equitable lien may arise from written contract that evidences intention to charge property with debt or obligation); and Blumin v. Ellis, 186 So.2d 286, 294 (Fla. 2d DCA 1966) ("An equitable lien or mortgage will arise from a written contract which shows an intention to charge or mortgage some particular property with a debt or obligation.”); is misplaced. The fact that Ms. Gee made payments on the Mortgage for three years did not discharge U.S. Bank of its duty to prove that it held and owned the Mortgage.

. As U.S. Bank argues, equity may reform an instrument to prevent manifest injustice and to express the intent of the parties. Spear v. MacDonald, 67 So.2d 630, 635 (Fla.1953); Belitz v. Riebe, 495 So.2d 775, 776 (Fla. 5th DCA 1986); Nielsen v. Paneil, Inc., 202 So.2d 894, 895 (Fla. 4th DCA 1967). Mortgage foreclosures are equitable proceedings in which opportunities to try to reform instruments to reflect their true intent should be permitted if not encouraged. Huntington Nat'l Bank v. Merrill Lynch Credit Corp., 779 So.2d 396, 398 (Fla. 2d DCA 2000); Trs. of C.I. Mortg. Group v. City Hous. Corp., 422 So.2d 323, 324 (Fla. 4th DCA 1982). Notwithstanding, U.S. Bank was still required to state with particularity that its summary judgment motion was based on this ground. The record is clear that Ms. Gee denied this count te her answer, and U.S. Bank filed no motion or affidavit and presented no argument concerning this issue. Yet, the court in its final summary judgment, reformed the deed and mortgage by changing the legal description, which was error. Further, U.S. Bank compounded the error by failing to join the original grantor of the deed that it wished to have reformed. The purpose of reformation is to make an instrument accurately express the true intention of the parties at the time of its execution. Providence Square Ass'n v. Biancardi, 507 So.2d 1366 (Fla.1987). Consequently, the grantor of the deed conveying title to Ms. Gee was a necessary party to U.S. Bank’s claim to reform the deed. Chanrai Invs., Inc. v. Clement, 566 So.2d 838 (Fla. 5th DCA 1990).