*110 SHEPHERD, J.,
dissenting.
This case is illustrative of the consequences of a breakdown of a property transfer system. Because of the breakdown in this case, I would affirm the involuntary dismissal of the Bank of New York’s (the Bank) attempted foreclosure action in this case.
The Bank’s action is based upon a standard FNMA/FHLMC promissory note and mortgage executed on June 25, 1999, by George H. Rodgers and Caroline J. Rodgers to Metropolitan Mortgage Co., in its capacity as the originating lender on the Rodgers’ residential property. The action was initiated on January 5, 2005, by JP Morgan Chase Bank, formerly known as Chase Manhattan, as Trustee, Residential Funding Corporation, as Attorney in Fact (JP Morgan Chase). The sole witness offered by the Bank to prove the Bank’s ownership of the promissory note and mortgage, and the default on the loan, was Annassa Blackman, Business Relationship Manager for Litton Loan Services, the servicing agent for the loan since January 30, 2002.[1] Ms. Blackman testified from a file she brought with her to trial, but it is clear she was not the custodian of those records, and Bank counsel did not attempt to prove otherwise. Despite vigorous objection by counsel for the Rodgers, the trial court nevertheless permitted Ms. Blackman to testify as to the contents of the file.
The file contained neither the original note nor the original mortgage. Ms. Blackman admitted in her testimony she “[had] no knowledge of the last [entity] who had it or anything else about the original note.” She thought the note was lost by counsel during the course of a prior foreclosure action filed by JP Morgan Chase in January 2003, but upon being shown a copy of the complaint filed in the 2003 foreclosure action, acknowledged that action, like the present one, also contained a claim for re-establishment of lost note.[2],[3] Thus, it cannot be said, as the majority asserts, that the note “disappeared in the bowels of the clerk’s office after being filed in a prior proceeding.”
Nor do the copies of the transfer documentation in the file brought by Ms. Blackman to the trial conclusively resolve the central issue in this case. The Rodg *111 ers executed the promissory note and mortgage on June 25, 1999. There can be no question but that Metropolitan Mortgage Co. had the original documents at that time. The copy of the original note, admitted into evidence by the trial court over the Rodgers’ objection, reflects it was endorsed on a date unknown by Metropolitan Mortgage Co. to Fairbanks Capital Corporation, and then on May 14, 2001, Fairbanks Capital executed an Assignment of Deed of Trust, purporting to assign both the note and mortgage to JP Morgan Chase. A copy of an allonge, purportedly attached to the promissory note, indicates that on some unknown date the promissory note was endorsed by Fairbanks Capital Corporation to Residential Funding Corporation, and on some later date from Residential Funding to JP Morgan Chase, as Trustee. Absent testimony from a witness with knowledge, it cannot be determined exactly when, between June 25, 1999, and the date of the filing of the foreclosure complaint in this case, the promissory note was lost or by what entity-
Section 673.3091 of the Florida Statutes (2004), titled “Enforcement of lost, destroyed, or stolen instrument,” provides as follows:
(1) A person not in possession of an instrument is entitled to enforce the instrument if:
(a) The person seeking to enforce the instrument was entitled to enforce the instrument when loss of possession occurred, or has directly or indirectly acquired ownership of the instrument from a person who was entitled to enforce the instrument when loss of possession occurred;
(b) The loss of possession was not the result of a transfer by the person or a lawful seizure; and
(c)The person cannot reasonably obtain possession of the instrument because the instrument was destroyed, its whereabouts cannot be determined, or it is in the wrongful possession of an unknown person or a person that cannot be found or is not amenable to service of process.
As has been the case in many recent foreclosure actions — see, e.g., Mazine v. M & I Bank, 67 So.3d 1129, 1132 (Fla. 1st DCA 2011) (reversing final judgment of foreclosure where the bank failed to prove it holds the note and mortgage in question); Gee v. U.S. Bank Nat’l Ass’n, 72 So.3d 211, 214 (Fla. 5th DCA 2011) (reversing final summary judgment of foreclosure where U.S. Bank neither tendered original note nor offered any evidence of its whereabouts at summary judgment hearing); Servedio v. U.S. Bank Nat’l Ass’n, 46 So.3d 1105, 1107 (Fla. 4th DCA 2010) (reversing final summary judgment of foreclosure where record on appeal contained neither original note nor any other evidence that U.S. Bank owned or held the note); U.S. Bank Nat'l Ass’n v. Kimball, 27 A.3d 1087, 1092 (Vt.2011) (dismissing foreclosure complaint on basis trial court properly concluded U.S. Bank lacked standing to show it was holder of note at time complaint filed); Kondaur Capital Corp. v. Hankins, 25 A.3d 960, 962 (Me.2011) (reversing summary judgment where party did not hold note or mortgage at time complaint was filed) — the Bank failed to prove, and may be unable to prove, who owns the promissory note and mortgage in this case. Nor is this the first time in recent memory the Bank of New York has found itself in this predicament in our appellate courts. See Verizzo v. Bank of N.Y., 28 So.3d 976, 978 (Fla. 2d DCA 2010) (reversing summary judgment of foreclosure in favor of the Bank of New York just last year where, as is equally true in the case before us, “[njothing in the record reflects assignment or endorsement of the *112 note by JP Morgan Chase Bank to the Bank of New York The Bank should receive the same result in this district court of appeal this year as it did on nearly identical facts in our sister Second District Court of Appeal last year.
It is apodictic there can be no cause of action to foreclose a mortgage unless we know where the paper is and that it actually represents something. There is much “sand in the gears” of our property transfer system in these times. However, we cannot bend the rules. A person seeking to enforce an instrument conveying an interest in real property must demonstrate he has directly or indirectly acquired ownership of the instrument. The majority errs by not insisting upon this fundamental precept in this case.
I would affirm the decision of the trial court.

. The Bank also called Caroline Rodgers as an adverse witness. Needless to say, she was unable to offer any evidence pertinent to the central issues to the case. She contended in her testimony that the Bank (through its servi-cer) was at fault in the matter by improperly refusing to accept payments tendered on the mortgage loan.

. A full sense of Ms. Blackman’s cluelessness concerning the facts of this case can be gleaned from the following exchange between her and the Rodgers’ counsel on cross-examination:
Q. Okay, as far as the copy of the note is concerned, to your knowledge do you know anybody who held the note whether or not any of the people named in this action ever held a note to your knowledge?
[Objection sustained. Counsel nonetheless continuing....]
Q. Whether Fairbanks Capital Corporation, Residential Funding Corporation[,] J.P. Morgan, New York Bank of New York [sic] ever held the original note?
A. I do not have personal knowledge of the original note.
Q. Okay. So you have no knowledge [who] was the last who had it or anything else with regard to the original note? You have no knowledge about the original note, is that correct?
A. That’s correct.

.According to Ms. Blackman, the Rodgers brought the loan current sometime in 2004, upon which JP Morgan Chase voluntarily dismissed the 2003 action. The present foreclosure action was filed in 2005.