MAY, J.
This case is about time and compliance with the Florida Rules of Civil Procedure. A homeowner appeals a final summary judgment of foreclosure. He raises numerous issues, among which is that the trial court erred in entering a final summary judgment when the evidence relied on by the bank was served fewer than twenty days before the hearing. We agree and reverse.
In 2008, the bank filed a two-count complaint, seeking to (1) re-establish a lost note and (2) foreclose on the mortgage. The complaint alleged that the bank owned and held the note and mortgage, and that an assignment had been, or would be, recorded in the public record.
The bank alleged that a “substantial copy of the note” was attached. However, only an uncertified, unsigned copy of the first twelve pages of the mortgage was attached to the complaint. No note was attached.
On February 12, 2009, the bank moved for final summary judgment on both counts. In support, the bank filed an affidavit of indebtedness and an affidavit of the lost note. The loan servicer attested to the amount of the debt. The servicer also attested that the original note was lost or had been destroyed, and the bank “was in possession of the subject note and was entitled to enforce it when loss of possession occurred.” The servicer then attested that “a true, correct, and substantial copy of the lost or destroyed Note” was attached to the complaint even though no note had been attached. The servicer did not attest that the bank owned the note when the complaint was filed.
*1019 The homeowner filed a response, asserting that the mortgage attached to the complaint showed ownership in the original note owner, not the bank, and it did not show that the bank had acquired the note and mortgage from the original note owner. He argued that the discrepancy between the note and mortgage and the complaint was material, and negated the bank’s claim. Because it did not appear that the bank was the holder and owner of the note and mortgage before the complaint was filed, the bank lacked standing.
Two years later, on April 28, 2011, the bank filed an amended affidavit in support of its motion for summary judgment. The servicer’s representative again attested to the amount owed, but not the bank’s ownership of the note and mortgage prior to the filing of the complaint. The bank filed copies of the original note and mortgage on June 9, 2011 — twelve days before the scheduled hearing.
The bank also filed a copy of an allonge, which included one endorsement from the original note owner to Aegis Mortgage Corporation, and a second endorsement in blank from Aegis. Both endorsements were undated.
The court held a hearing on June 21, 2011. The bank filed the original note and mortgage that day. The court entered a final summary judgment of foreclosure, from which the homeowner now appeals.
The homeowner argues that the bank failed to comply with rules 1.510(c) and (e) of the Florida Rules of Civil Procedure by serving unauthenticated copies of the note and mortgage only twelve days before the hearing, and by failing to attach copies of the note and mortgage to its amended affidavit of indebtedness.
The bank responds that the loan documents were timely filed and were self-authenticating. According to the bank, it was unnecessary to attach copies of the note and mortgage to the amended affidavit of indebtedness because they had already been filed, even if they had not been attached to the complaint. Finally, the bank argues that the homeowner failed to timely object and further failed to provide a transcript of the hearing.
The issue is a simple one. Rules 1.510(c) and (e) of the Florida Rules of Civil Procedure provide that a motion for summary judgment, along with any “summary judgment evidence” “on which the movant relies,” must be served at least twenty days before the hearing, and the documents supporting the affidavits must be authenticated. Here, on June 9, 2011, more than two years after filing the motion for summary judgment and only twelve days before the scheduled hearing on that motion, the bank filed copies of the original note and mortgage.
This case is akin to Verizzo v. Bank of New York, 28 So.3d 976 (Fla. 2d DCA 2010). There, the bank filed a two-count complaint against the homeowner to reestablish a lost note and foreclose a mortgage. Id. at 977. The bank failed to attach either a copy of the promissory note or an assignment to the complaint. Id. Before the time expired for a responsive pleading, the bank moved for summary judgment. Id.
The bank then served the original note, the mortgage, and an assignment of the mortgage fewer than twenty days before the scheduled hearing on the bank’s motion for summary judgment. Id. The trial court entered summary judgment. Id. The late service and filing of the documents constituted procedural error requiring reversal. Id. at 978.
Similarly, the bank here failed to serve its summary judgment evidence at least twenty days before the hearing on its motion for summary judgment. The trial *1020 court erred in entering summary judgment.[1] Servedio v. U.S. Bank Nat’l Ass’n, 46 So.3d 1105, 1108 (Fla. 4th DCA 2010).

Reversed and Remanded.

WARNER and FORST, JJ., concur.

. Our opinion should not be construed as any comment for or against the merit of the homeowner's other issues.