NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

VINCE ARCURI, a/k/a VINCENT ARCURI,  )
individually and as trustee of The 18913  )
Chaville Road Residential Land Trust,  )
Under Trust Dated April 15, 2008,  )
                                  )
        Appellant,  )
                                  )
v.  )       Case No. 2D16-4201
                                  )
HSBC BANK USA, NATIONAL  )
ASSOCIATION, as trustee for SG  )
Mortgage Securities Trust 2006-FREI,  )
Asset Backed Certificates, Series FREI,  )
                                  )
        Appellee.  )
_____  )

Opinion filed March 2, 2018.

Appeal from the Circuit Court for
Hillsborough County; Mark D. Kiser, Judge.

Nick Fowler and Sami Thalji of Stamatakis +
Thalji + Bonanno, Tampa, for Appellant.

Karusha Y. Sharpe and M. Hope Keating of
Greenberg Traurig, P.A. Tallahassee, and
Michele L. Stocker of Greenberg Taurig,
P.A., Fort Lauderdale, for Appellee.


NORTHCUTT, Judge.

        Vincent Arcuri contends that the final judgment foreclosing his mortgage

must be set aside because the bank failed to prove its standing to foreclose. We agree

and reverse.

HSBC Bank USA, National Association, filed a complaint alleging that Arcuri was in default because he had stopped making payments on his mortgage and that the bank was entitled to enforce the note as a holder in possession and to foreclose on the mortgage. In his affirmative defenses, Arcuri asserted that the bank did not have standing because the note had not been properly endorsed and assigned to the bank.

At trial, the note and mortgage were admitted into evidence. The note reflected that the lender was Fremont Investment and Loan. An allonge to the note purported to transfer it to HSBC Bank from SGGH, LLC, successor in interest to Fremont Reorganizing Corporation, f/k/a Fremont Investment and Loan. The bank called Debra Kavalry as its only witness. She testified that she worked for Wells Fargo Bank, N.A., which serviced the loan in question for the bank. When the bank sought to introduce the note, Arcuri conducted a voir dire wherein Kavalry testified that she had no documentation showing that Fremont Reorganization Corporation was formerly known as Fremont Investment and Loan or that SGGH was the successor in interest to Fremont Reorganization Corporation. Arcuri objected to the introduction of the allonge, but he was overruled.

Following the bank's case, Arcuri called Kavalry as a witness. She testified that she had no personal knowledge that Fremont Reorganization Corporation was formerly Fremont Investment and Loan and she had nothing in writing to establish such. She also testified that she had no personal knowledge that SGGH was the successor in interest to Fremont Reorganization Corporation. In closing argument, Arcuri contended that the bank did not prove standing because it failed to establish that its assignor, SGGH, was a successor in interest to the original lender Fremont

Investment and Loan.  Arcuri relied on <u>Gee v. U.S. Bank National Ass'n</u>, 72 So. 3d 211

(Fla. 5th DCA 2011), in support of his argument.

This court in <u>American Home Mortgage Servicing, Inc. v. Bednarek</u>, 132

So. 3d 1222, 1223 (Fla. 2d DCA 2014), reiterated the black letter law regarding standing

to foreclose:

> A party seeking foreclosure must establish that it had
> standing to foreclose at the time it filed the complaint.  A
> foreclosure plaintiff has standing if it owns and holds the
> note at the time suit is filed.  A plaintiff may also establish
> standing to foreclose by submitting evidence of a special
> endorsement on the note in favor of the plaintiff or a blank
> endorsement, an assignment from the payee to the plaintiff,
> or an affidavit of ownership.

(Citations omitted.)  Here, the bank alleged in the complaint that it was the holder in

possession of the note.  But it could only be a holder in possession with standing to

foreclose the mortgage if there was a valid assignment of the note by SGGH as the

successor in interest to Fremont Investment and Loan.

The court in <u>Gee</u> considered a very similar situation:

> To prove its ownership, U.S. Bank filed a copy of the
> Mortgage [denoting the mortgage and note] as well as two
> assignments.  The first assignment transferred the Mortgage
> from Advent Mortgage, the original mortgagee, to Option
> One.  The second assignment purported to transfer the
> mortgage from American Home, as successor in interest of
> Option One, to U.S. Bank.  However, and significant to our
> consideration, U.S. Bank provided nothing to demonstrate
> how American Home came to be the successor in interest to
> Option One.

72 So. 3d at 213.  The court then stated:

> When Ms. Gee denied that U.S. Bank had an interest in the
> Mortgage, ownership became an issue that U.S. Bank, as
> the plaintiff, was required to prove.  As U.S. Bank failed to
> offer any proof of American Home's authority to assign the

> Mortgage, we conclude that it failed to establish its standing to bring the foreclosure action as a matter of law.

Id. at 214 (citations omitted).

Here, Arcuri specifically challenged the chain of assignments based on the holding of Gee. Because the bank failed to offer any proof of SGGH's authority to assign the note to the bank, the bank failed to establish standing. Accordingly, we reverse the final judgment of foreclosure and remand for entry of a final order of involuntary dismissal. See Buckingham v. Bank of Am., N.A., 230 So. 3d 923, 925 (Fla. 2d DCA 2017).

Reversed and remanded with instructions.

CASANUEVA and BLACK, JJ., Concur.