PER CURIAM.
We affirm the trial court’s entry of final summary judgment of mortgage foreclosure in favor of appellee, ABN Amro Mortgage Group, Inc. Appellants Paul and Nicole Philogene presented three arguments on appeal: (1) the trial court abused its discretion in failing to grant their motion to consolidate; (2) the trial court committed reversible error in entering final summary judgment of mortgage foreclosure in favor of ABN, where ABN did not comply with statutory notice requirements; and (3)ABN did not have standing to bring and maintain a mortgage foreclosure action in this case.
First, we find that the trial court did not abuse its discretion in denying the Philogenes’ motion to consolidate, as there was no danger of inconsistent verdicts and the existence of common questions of law or fact did not mandate consolidation. See Fla. R. Civ. P. 1.270(a);[1] see also Pages v. *46 Dominguez, 652 So.2d 864, 866 (Fla. 4th DCA 1995) (stating that a trial court’s refusal to consolidate separate actions involving common questions of law or fact is reviewed for abuse of discretion); Barnes v. Meece, 530 So.2d 958, 958 (Fla. 4th DCA 1988) (finding that prospect of inconsistent verdicts requires consolidation). Second, we determine that the trial court did not err in entering final judgment in favor of ABN, as ABN complied with the notice requirements of the Fair Debt Collection Practices Act, 15 U.S.C.S. § 1692(g) (2006).[2] Third, we conclude that ABN had standing to bring and maintain a mortgage foreclosure action since it demonstrated that it held the note and mortgage in question. See Chem. Residential Mortgage v. Rector, 742 So.2d 300, 300 (Fla. 1st DCA 1998) (finding that complaint properly stated cause of action for foreclosure by the holder of the note and mortgage).
POLEN, KLEIN and MAY, JJ., concur.

. Florida Rule of Civil Procedure 1.270 states in pertinent part:
*46 (a) Consolidation. When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

. 15 U.S.C.S. § 1692(g) ("Validation of debts”) states in pertinent part:
(a) Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—
(1) the amount of the debt;
(2) the name of the creditor to whom the debt is owed;
(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
(5) a statement that, upon the consumer’s written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.