LEVINE, J.
 

 The issue presented is whether the trial court erred in granting appellees’ motion to dismiss on the basis that appellant’s production of the original note and mortgage, along with a valid written assignment of the note and mortgage from the estate of the original mortgagee, was insufficient to establish “current” ownership of the mortgage. We find that the production of the original note, mortgage, and assignment did constitute prima facie evidence of ownership, and the trial court’s dismissal was reversible error.
 

 Appellees executed a mortgage and a promissory note for $200,000 in favor of John Haner to purchase property in Wilton Manors in 2003. Subsequently, Haner died, and his estate assigned his interest in the note and mortgage to appellant. At some point, appellant filed a foreclosure action against appellees, claiming appellees failed to make required payments on the mortgage. The trial court denied appellant’s motion for summary judgment, and this case proceeded to trial.
 
 [1]
 

 At trial, the personal representative for Haner’s estate, Jeffrey Selzer, testified that the original note and mortgage were executed by appellees in 2003. Selzer stated that he executed an assignment of the mortgage to appellant in October 2007; the assignment was recorded a few days later. Selzer also testified that he received the original note and mortgage
 
 *929
 
 from Haner prior to his death, and the mortgage presented at trial was identical to the mortgage the decedent gave Selzer. Finally, Selzer concluded from reviewing Haner’s documents that appellees defaulted on the note in January 2006. Appellant did not testify on his own behalf. Prior to resting, appellant offered into evidence original copies of the assignment, note, and mortgage.
 

 Appellees moved to involuntarily dismiss the case. The trial court granted appellees’ motion, finding that the assignment of the mortgage and note to appellant did not constitute prima facie evidence that appellant is the
 
 current
 
 owner and holder of the mortgage and note.
 

 This court reviews the trial court’s order on a motion to dismiss de novo.
 
 Brundage v. Bank of Am.,
 
 996 So.2d 877, 881 (Fla. 4th DCA 2008). “An involuntary dismissal is properly entered only where the evidence considered in the light most favorable to the non-moving party fails to establish a prima facie case” for which relief may be granted.
 
 Perez v. Perez,
 
 973 So.2d 1227, 1231 (Fla. 4th DCA 2008). Thus, we must determine if appellant established a “prima facie case” requiring the trial court to deny the motion to dismiss.
 

 The party seeking foreclosure must present evidence that it owns and holds the note and mortgage in question in order to proceed with a foreclosure action.
 
 Verizzo v. Bank of N.Y.,
 
 28 So.3d 976, 978 (Fla. 2d DCA 2010);
 
 Philogene v. ABN Amro Mortgage Group Inc.,
 
 948 So.2d 45, 46 (Fla. 4th DCA 2006). Where the defendant denies that the party seeking foreclosure has an ownership interest in the mortgage, the issue of ownership becomes an issue the plaintiff must prove.
 
 Carapezza v. Pate,
 
 143 So.2d 346, 347 (Fla. 3d DCA 1962).
 

 In the present case, appellant possessed the original note, mortgage, and assignment executed by the personal representative of Haner’s estate. The note was payable to the late John Haner, and the assignment granted Haner’s rights under the note and mortgage to appellant. Thus, appellant “held” the note, which granted him standing to seek foreclosure of the mortgage.
 
 Mortgage Elec. Registration Sys., Inc. v. Revoredo,
 
 955 So.2d 33, 34 n. 2 (Fla. 3d DCA 2007).
 
 [2]
 

 Appellees argued that the testimony of the personal representative demonstrated only that the note and mortgage was assigned by the estate of Haner but that Selzer’s testimony did not foreclose the possibility that appellant, who did not testify, may have executed a subsequent assignment of that same note and mortgage. Although appellees raise a point that the trial court may consider as part of appel-lees’ defense, we find, nonetheless, that the trial court erred in granting appellees’ motion for involuntary dismissal at that particular juncture. Appellant met his burden of providing a “prima facie case”; therefore we reverse and remand for further proceedings.
 

 Reversed in part, affirmed in part, and remanded.
 

 GROSS, C.J., and POLEN J., concur.
 

 [1]
 

 . Appellant’s initial
 
 motion
 
 for summary judgment was granted and then summarily vacated for reasons unspecified. We find the appellant's objection to
 
 the court's
 
 vacatur of the summary judgment to be without merit and affirm the trial court on this issue.
 

 [2]
 

 . Pursuant to section 701.01, Florida Statutes (2008), "Any mortgagee may assign and transfer any mortgage made to her or him ... and that person ... may lawfully have, take and pursue the same means and remedies which the mortgagee may lawfully have, take or pursue for the foreclosure of a mortgage."