RUDISILL, M.J., Associate Judge.
 

 Deutsche Bank National Trust Company (“Deutsche Bank”), as Trustee for GSAMP 2006-FMI (“GSAMP”), appeals from the final order dismissing its second amended complaint with prejudice and striking its pleadings. Deutsche Bank argues the trial court’s actions were an abuse of discretion because Deutsche Bank had standing to bring this action and dismissal with prejudice was too severe a sanction under the circumstances of this case. We have considered all of the arguments raised on appeal; however, only two merit discussion. We agree that the lower court erred below and, therefore, reverse and remand for further proceedings.
 

 This case originates from a residential mortgage foreclosure action. In February 2006, Tony Lippi (“Lippi”) executed a mortgage and mortgage promissory note in favor of Fremont Investment and Loan (“Fremont”) in the principal amount of $247,200. While Fremont was the original lender and holder of the note, Mortgage Electronic Registration System, Inc. (“MERS”) was the mortgagee. In August 2007, Lippi defaulted on the note after Deutsche Bank purportedly obtained an assignment from MERS.
 

 As a result of the default, and pursuant to the terms of the note and mortgage, Deutsche Bank accelerated all sums due and owing. When Lippi failed to make payment, Deutsche Bank filed suit on January 18, 2008, against him seeking mortgage foreclosure. Copies of the mortgage and note, in addition to other documents, were attached to the initial complaint and identified Fremont as the lender. The complaint alleged Deutsche Bank was the holder of the note and mortgage and that Lippi was in default because he failed to make a required installment payment.
 

 Lippi subsequently moved to dismiss the complaint, arguing Deutsche Bank lacked standing to bring this action. The trial court granted the motion and gave Deutsche Bank 15 days from the date of the Order (July 3, 2008) to amend the complaint.
 

 In early August 2008, Deutsche Bank filed an amended complaint, a copy of the assignment, the note, and the mortgage specifically alleging that Deutsche Bank owned the note and mortgage on or before December 31, 2007. Thereafter, Deutsche Bank filed the original mortgage and the original note, which included a blank in-dorsement from the original lender, Fremont. The indorsement read as follows: “Pay to the order of _ without recourse.” It was executed by the Vice President of Fremont. The note identifies Fremont as the lender and identifies the mortgage that is dated the same date as the note.
 

 Lippi moved to dismiss the amended complaint with prejudice because it was not timely filed, Deutsche Bank was not the actual owner of the note or the real
 
 *84
 
 party in interest, and the assignment was invalid because it was executed after the lawsuit was filed and the assignor was not MERS as Nominee for Fremont. The trial court granted Lippi’s motion and dismissed the amended complaint. It once again gave Deutsche Bank 15 days to amend the complaint. In a separate order, the court required the parties to attend mediation with a representative who had actual authority to settle the case.
 

 Deutsche Bank timely filed a second amended complaint which alleged that it “is now the holder of the Mortgage Note and Mortgage and/or is entitled to enforce the Mortgage Note and Mortgage,” and it attached a copy of the note, mortgage and assignment. The new complaint alleged that the note and mortgage are in default and the full amount owed under the note and mortgage is now due.
 

 Lippi subsequently filed a third motion to dismiss with prejudice. He also requested the court sanction Deutsche Bank for its behavior during the case. The trial court granted Lippi’s motion to dismiss with prejudice. It concluded Deutsche Bank and its counsel willfully violated its orders and sanctions were appropriate. The court also granted Lippi’s amended motion to dismiss the pleadings of Deutsche Bank as a sanction under
 
 Ham v. Dunmire,
 
 891 So.2d 492 (Fla.2004). Therefore, the court dismissed Deutsche Bank’s second amended complaint with prejudice, struck Deutsche Bank’s pleadings, and entered a judgment in favor of Lippi.
 

 An order dismissing a complaint with prejudice is reviewed de novo.
 
 Poole v. City of Port Orange,
 
 33 So.3d 739, 740 (Fla. 5th DCA 2010). “In determining whether a complaint properly states a cause of action upon which relief can be granted, a court must confine its review to the four corners of the complaint, draw all inferences in favor of the pleader, and accept as true all well-pled allegations.”
 
 Id.
 
 The allegations, taken as true, “are then reviewed in light of the applicable substantive law” to determine whether standing exists.
 
 Blue Supply Corp. v. Novos Electro Mech, Inc.,
 
 990 So.2d 1157, 1159 (Fla. 3d DCA 2008) (quoting
 
 Peeler v. Indep. Life & Accident Ins. Co.,
 
 206 So.2d 34, 36 (Fla. 3d DCA 1967)). The trial court may not speculate as to whether the allegations are in fact true or whether the plaintiff has the ability to prove them.
 
 Sobi v. Fairfield Resorts, Inc.,
 
 846 So.2d 1204, 1206 (Fla. 5th DCA 2003) (quoting
 
 Fox v. Prof'l Wrecker Operators of Fla., Inc.,
 
 801 So.2d 175, 178 (Fla. 5th DCA 2001)). “A motion to dismiss is not a motion for summary judgment and a trial court” may not rely upon depositions, affidavits, or other forms of evidence or speculation as to whether the allegations in the complaint “will ultimately be provable.”
 
 Solorzano v. First Union Mortg. Corp.,
 
 896 So.2d 847, 850 (Fla. 4th DCA 2005).
 

 On appeal, Deutsche Bank claims it had standing to bring this action because it is the holder of the note and mortgage. To establish standing, a party must “demonstrate that he or she reasonably expects to be affected by the outcome of the proceedings, either directly or indirectly.”
 
 Hayes v. Guardianship of Thompson,
 
 952 So.2d 498, 505 (Fla.2006). The party that holds the note and mortgage in question has standing to bring and maintain a foreclosure action.
 
 Philogene v. ABN Ambro Mortg. Group Inc.,
 
 948 So.2d 45, 46 (Fla. 4th DCA 2006). Additionally, “the person having standing to foreclose a note secured by a mortgage may be either the holder of the note or a nonholder in possession of the note who has the rights of a holder.”
 
 Taylor v. Deutsche Bank Nat’l Trust Co.,
 
 44 So.3d 618, 622 (Fla. 5th DCA 2010). Therefore,
 
 *85
 
 “[t]he party seeking foreclosure must present evidence that it owns and holds the note and mortgage in question in order to proceed with a foreclosure action.”
 
 Lizio v. McCullom,
 
 36 So.3d 927, 929 (Fla. 4th DCA 2010). Since the lien follows the debt, Florida does not require a plaintiff to attach a written or recorded assignment of the mortgage in order to pursue a foreclosure action.
 
 Chem. Residential Mortg. v. Rector,
 
 742 So.2d 300, 300-01 (Fla. 1st DCA 1998).
 

 Deutsche Bank’s second amended complaint alleged it was the holder of the note and mortgage. The original note contains an indorsement, which reads: “Pay to the order of_without recourse.” Below that, there is the signature of the Vice President of Fremont. The signature of the Vice President as an agent for Fremont was an effective signature under sections 673.4011(2)(b) and 673.4021, Florida Statutes.
 
 See Riggs v. Aurora Loan Servs., LLC,
 
 36 So.3d 932, 933 (Fla. 4th DCA 2010). The indorsement is a blank indorsement since it does not identify a specific person to whom the note is payable.
 
 See id.
 
 Pursuant to section 673.2051(2), Florida Statutes, the note was payable to the bearer and could be transferred simply by possession.
 
 See Riggs,
 
 36 So.3d at 933. The note in question is payable to Fremont, it is indorsed in blank, and Deutsche Bank possessed the original note and filed it with the lower court. Therefore, its standing is established because it is the note holder, regardless of any recorded assignments.
 
 See Harvey v. Deutsche Bank Nat’l Trust Co.,
 
 69 So.3d 300, 304 (Fla. 4th DCA 2011).
 

 Deutsche Bank also argues the lower court erred when it dismissed its second amended complaint as a sanction pursuant to
 
 Ham v. Dunmire,
 
 891 So.2d 492 (Fla.2004). An order dismissing a case with prejudice as a sanction will be upheld absent an abuse of discretion.
 
 Morgan v. Campbell,
 
 816 So.2d 251, 253 (Fla. 2d DCA 2002). If a trial court dismisses a case with prejudice without evidence of extensive prejudice to the other side or proof that the party willfully failed to comply with court orders, it is considered an abuse of discretion.
 
 Clark v. Lake City Police Dep’t,
 
 723 So.2d 901, 903 (Fla. 1st DCA 1999).
 

 Dismissing a case with prejudice is the ultimate sanction and should only be used in “those aggravating circumstances in which a lesser sanction would fail to achieve a just result.”
 
 Kozel v. Ostendorf,
 
 629 So.2d 817, 818 (Fla.1993). When deciding whether to sanction a party by dismissing its case with prejudice, a court should consider the following factors:
 

 1) whether the attorneys’ disobedience was willful, deliberate, or contumacious, rather than an act of neglect or inexperience; 2) whether the attorney has been previously sanctioned; 3) whether the client was personally involved in the act of disobedience; 4) whether the delay prejudiced the opposing party through undue expense, loss of evidence, or in some other fashion; 5) whether the attorney offered reasonable justification for noncompliance; and 6) whether the delay created significant problems of judicial administration.
 

 Id.
 
 After considering these factors, “if a sanction less severe than dismissal with prejudice appears to be a viable alternative, the trial court should employ such an alternative.”
 
 Id.
 
 Sanctions short of dismissing a case with prejudice are appropriate when the errors are made by the attorney and not the client.
 
 Am. Express Co. v. Hickey,
 
 869 So.2d 694, 695 (Fla. 5th DCA 2004). Although no “magic words” are required when a court dismisses a ease with prejudice, the court must find the conduct leading to the order was willful or
 
 *86
 
 constituted a deliberate disregard of the court’s directives.
 
 Commonwealth Fed. Sav. & Loan Ass’n v. Tubero,
 
 569 So.2d 1271, 1273 (Fla.1990). Additionally, the lower court’s failure to consider the
 
 Kozel
 
 factors when deciding whether to dismiss a case with prejudice, by itself, is sufficient reason to remand the matter for application of the proper standard.
 
 Ham,
 
 891 So.2d at 500.
 

 The lower court dismissed the complaint with prejudice because of Deutsche Bank’s lack of standing and its failure to state a cause of action. For the reasons previously discussed, any sanction based on these findings was improper.
 

 A review of the record shows Deutsche Bank violated some of the lower court’s orders. In deciding to sanction Deutsche Bank by dismissing its case, the lower court found Deutsche Bank’s actions were willful violations, both Deutsche Bank and its attorney disobeyed orders, and their actions hindered the administration of justice. However, the lower court did not consider the remaining
 
 Kozel
 
 factors. Also, there is no evidence indicating Deutsche Bank was aware of its attorney’s actions or that it participated in any violations of court orders. Likewise, nothing in the record suggests Deutsche Bank’s actions caused a delay, which prejudiced Lippi. Rather, the delays resulted from the lower court improperly dismissing Deutsche Bank’s amended complaints due to lack of standing and for failure to state a cause of action. Regardless of the source of the delays, the record is silent as to what, if any, prejudice Lippi may have suffered. Finally, there is no record evidence that the lower court considered whether Deutsche Bank’s attorney offered a reasonable justification for any noncompliance.
 

 Upon review of the record and the
 
 Kozel
 
 factors, it was error for the lower court to dismiss Deutsche Bank’s foreclosure action with prejudice as a sanction. Dismissal with prejudice is unwarranted in this case and the lower court should have considered less severe sanctions if it wished to punish Deutsche Bank.
 
 See Ham,
 
 891 So.2d at 499;
 
 Am. Express Co.,
 
 869 So.2d 694 (dismissing with prejudice too harsh a sanction, even though attorney missed deadlines and did not appear at scheduled hearing).
 

 For these reasons, we REVERSE the order dismissing Deutsche Bank’s second amended complaint with prejudice and dismissing Deutsche Bank’s case with prejudice as a sanction and REMAND for further proceedings.
 

 ORFINGER, C.J. and COHEN, J., concur.