EVANDER, J.
Richards appeals the entry of a final summary judgment of mortgage foreclosure. Because a material disputed issue of fact remained as to whether HSBC was the holder of the note, we reverse.
The proper party with standing to foreclose a note and mortgage is the holder of the note and mortgage or the holder’s representative. See Gee v. U.S. Bank Nat’l Ass’n, 72 So.3d 211, 213 (Fla. 5th DCA 2011). Thus, the party seeking foreclosure must present evidence that it holds the note and mortgage in question in order to proceed with its foreclosure action. Id. A plaintiff must tender the original promissory note to the trial court or seek to reestablish the note under section 673.3091, Florida Statutes (2010). Id. If the note does not name the plaintiff as the payee, the note must bear an endorsement in favor of the plaintiff or a blank endorsement. Id. Alternatively, the plaintiff may submit evidence of an assignment from the payee to the plaintiff or an affidavit of ownership to prove its status as a holder of the note. Id.
This court reviews an order granting summary judgment de novo. Volusia County v. Aberdeen at Ormond Beach, L.P., 760 So.2d 126, 130 (Fla.2000). Summary judgment is appropriate where there is no genuine issue of material fact and the movant is entitled to a judgment as a matter of law. Id. When reviewing a final summary judgment, an appellate court must examine the record in the light most favorable to the non-moving party. Gee, 72 So.3d at 213.
*235 In the instant case, HSBC filed an unverified complaint alleging that it owned and held the note and mortgage. However, the copy of the note and mortgage attached to the complaint reflected that Richards had executed the note and mortgage in favor of Century 21 Mortgage. Throughout the proceedings below, Richards challenged the right of HSBC to bring its foreclosure action.
Ultimately, in support of its motion for summary judgment, HSBC filed the original note, an assignment of mortgage, and affidavits setting forth “amounts due and owing.” However, these documents failed to establish, as a matter of law, that HSBC was the holder of the note.
While the assignment reflected that the mortgage had been assigned from Century 21 to HSBC, the allonge to the note reflected that Bishops Gate Residential Mortgage Trust was to be the note’s payee. Specifically, the undated allonge set forth the following language:
Without Recourse
Pay to the order of: * Bishops Gate Residential
Mortgage Trust
Thus, the allonge was inconsistent with the assignment and contradicted the allegation in the complaint that HSBC was the holder of the note. See Khan v. Bank of America, N.A., 58 So.3d 927, 928 (Fla. 5th DCA 2011) (“Because the exhibit to Bank of America’s amended complaint conflicts with its allegations concerning standing, Bank of America did not establish that it had standing to foreclose the mortgage as a matter of law.”)
Furthermore, the affidavits filed by HSBC did not explain the relationship between HSBC and Bishops Gate Residential Mortgage Trust, nor otherwise aver facts conclusively showing that HSBC was the holder of the note.
REVERSED and REMANDED.
SAWAYA and LAWSON, JJ., concur.