PER CURIAM.
This is an appeal of a summary judgment entered in a mortgage foreclosure case where the name of the payee on the note was not the name of the plaintiff in the foreclosure action. Appellee was the plaintiff in the trial proceedings. In Richards v. HSBC Bank USA, 91 So.3d 233 (Fla. 5th DCA 2012), this court held:
A plaintiff must tender the original promissory note to the trial court or seek to reestablish the note under section 673.3091, Florida Statutes (2010). If the note does not name the plaintiff as. the payee, the note must bear an endorsement in favor of the plaintiff or a blank endorsement. [Gee v. U.S. Bank Nat’l Ass’n, 72 So.3d 211, 213 (Fla. 5th *426 DCA 2011)]. Alternatively, the plaintiff may submit evidence of an assignment from the payee to the plaintiff or an affidavit of ownership to prove its status as a holder of the note.
Id. at 234 (citation omitted). Because the original promissory note was not payable to Appellee or endorsed in blank and because Appellee did not comply with the alternative requirements as stated in Richards, issues of fact remain to be resolved precluding entry of summary judgment in Appellee’s favor.
Accordingly, we reverse the summary judgment of foreclosure under review and remand this case for further proceedings.
REVERSED and REMANDED.
ORFINGER, C.J., GRIFFIN and SAWAYA, JJ., concur.