WALLIS, J.
Appellant appeals the lower court’s order granting summary judgment in favor of Appellees, in which the trial court held that to have standing to foreclose a mortgage, a party must be the holder and owner of the promissory note. Because the Florida Uniform Commercial Code (“Florida UCC”) and our previous decision in Deutsche Bank National Trust Co. v. Lippi, 78 So.3d 81 (Fla. 5th DCA 2012), require a party seeking foreclosure to be the holder of the note, we reverse.
Appellant filed a complaint on August 6, 2010, seeking to foreclose a mortgage issued by Appellees. Appellant alleged, inter alia, that “Mortgagee shown on the Mortgage attached as an exhibit is the original Mortgagee” and “Plaintiff is now entitled to enforce Mortgage and Mortgage Note pursuant to Florida Statutes § 673.3011.” Appellant attached to the complaint copies of the mortgage and the *321 promissory note.[1] The note is endorsed “pay to the order of _ without recourse,” with the blank space populated with a stamp of Wells Fargo Bank, N.A.
On August 9, 2011, Appellees filed a motion for summary judgment, arguing Appellant was not the owner of the note and mortgage. At the hearing on Appel-lees’ motion for summary judgment, Ap-pellees argued that Appellant conceded in its response to request for admissions that Appellant was not the owner of the note or mortgage. However, Appellees agreed that Appellant held the original note. In its order, the lower court indicated that the issue before the lower court was whether “standing in a classic foreclosure case requires evidence that the plaintiff is the owner of the note and mortgage, even though the plaintiff has the right to enforce the note pursuant to the [Florida UCC].” Furthermore, the lower court sustained the objection to any evidence that Appellant was proceeding in a representative capacity because this was not pled in the complaint. The order also found that Appellant is the holder of the note, but that the production of the note provides no evidence of ownership. The lower court denied Appellant’s motion for rehearing.
The standard of review governing the ruling of a trial court on a motion for summary judgment posing a pure question of law is de novo. Delta Fire Sprinklers, Inc. v. OneBeacon Ins. Co., 937 So.2d 695, 697 (Fla. 5th DCA 2006) (citations omitted). We review findings regarding standing de novo. Fox v. Prof'l Wrecker Operators of Fla., Inc., 801 So.2d 175, 178 (Fla. 5th DCA 2001).
The Florida UCC[2] and recent cases from this court stand for the proposition that a plaintiff has standing to bring a foreclosure action if the plaintiff is the holder of a promissory note, endorsed in blank, secured by a mortgage. The controlling law found in the Florida UCC defines the “person entitled to enforce an instrument” as:
(1) The holder of the instrument;
(2) A nonholder in possession of the instrument who has the rights of a holder; or
(3) A person not in possession of the instrument who is entitled to enforce the instrument pursuant to s. 673.3091 or 673.4181(4).
A person may be a person entitled to enforce the instrument even though the person is not the owner of the instrument or is in wrongful possession of the instrument.
§ 673.3011, Fla. Stat. (2010).
We have previously held that “[t]he party that holds the note and mortgage in question has standing to bring and maintain a foreclosure action.” Deutsche Bank Nat’l Trust Co. v. Lippi, 78 So.3d 81, 84 (Fla. 5th DCA 2012) (citing Philogene v. ABN Amro Mortg. Grp. Inc., 948 So.2d 45, 46 (Fla. 4th DCA 2006)). “[T]he person having standing to foreclose a note secured by a mortgage may be either the holder of the note or a nonholder in possession of the note who has the rights of a holder.” Lippi, 78 So.3d at 84 (quoting Taylor v. Deutsche Bank Nat’l Trust Co., 44 So.3d *322 618, 622 (Fla. 5th DCA 2010)). In Lippi, Deutsche Bank’s second amended complaint contained the language that it “is now the holder of the Mortgage Note and Mortgage and/or is entitled to enforce the Mortgage Note and Mortgage.” Lippi, 78 So.3d at 84. The facts in Lippi are almost identical to Appellant’s complaint in the present case, which provides that the “Mortgagee shown on the Mortgage attached as an exhibit is the original Mortgagee” and “Plaintiff is now entitled to enforce Mortgage and Mortgage Note pursuant to Florida Statutes § 673.3011.” The Lippi court held, where the note was endorsed in blank, meaning it was “payable to the bearer and could be transferred simply by possession,” Deutsche Bank’s standing was established because it was the note holder, regardless of any recorded assignments. Lippi, 78 So.3d at 85 (citing Harvey v. Deutsche Bank Nat’l Trust Co., 69 So.3d 300, 304 (Fla. 4th DCA 2011)); see also § 673.2051, Fla. Stat. (2010).
In the present case, the original note Appellant attached was endorsed in blank with Appellant’s name stamped in the blank endorsement field, which, paired with section 673.3011(1), established that Appellant was the holder entitled to enforce the instrument.
Applying portions of the Florida UCC, other district courts of appeal have determined that a party that holds a note endorsed in blank has standing to foreclose a mortgage. U.S. Bank Nat’l Ass’n v. Knight, 90 So.3d 824, 825-26 (Fla. 4th DCA 2012); Riggs v. Aurora Loan Servs., LLC, 36 So.3d 932, 933 (Fla. 4th DCA 2010); Mortg. Elect. Registration Sys., Inc. v. Azize, 965 So.2d 151 (Fla. 2d DCA 2007); Mortg. Elect. Registration Sys., Inc. v. Revoredo, 955 So.2d 33, 34 (Fla. 3d DCA 2007).
Appellees cite Florida Supreme Court precedent dating back to the late 1800s to suggest Appellant must both hold and own the note and mortgage to satisfy the standing requirement for a foreclosure action. The cases Appellees cite are not persuasive because the supreme court decided the cases prior to the adoption of the now-instructive and binding Florida UCC.[3]
Based on this court’s precedent in Lippi and the applicability of the Florida UCC, we reverse the lower court’s order granting summary judgment and remand for further proceedings.
REVERSED and REMANDED.
SAWAYA and LAWSON, JJ., concur.

. Subsequently, Appellant filed the original note with the lower court on September 15, 2011.

. Florida adopted the UCC on January 1, 1967. See Suburbia Fed. Sav. & Loan Ass’n v. Bel-Air Conditioning Co., 385 So.2d 1151, 1154 (Fla. 4th DCA 1980); see also Warren Fin., Inc. v. Barnett Bank of Jacksonville, N.A., 552 So.2d 194, 196 n. 2 (Fla.1989) ("Florida has adopted the provisions of the Uniform Commercial Code by statute in chapters 671-680, Florida Statutes.”).

. Because we hold the holder of a note endorsed in blank has standing to foreclose, it is unnecessary to address any issues regarding deficiencies in Appellant's complaint.