IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

DANIELA FLOYD,

        Appellant,

 v.                                     Case No.  5D13-4416

BANK OF AMERICA, N.A., ETC.,

        Appellee.
_____/

Opinion filed June 24, 2016

Appeal from the Circuit Court
for Orange County,
Lisa T. Munyon, Judge.

Michael S. Wickenhauser, Kendrick Almaguer and Alyssa Pickles, of The Ticktin Law Group, P.A., Deerfield Beach, for Appellant.

Mary L. Walter, Tricia J. Duthiers, J. Randolph Liebler and Kristen A. Tajak, of Liebler, Gonzalez & Portuondo, P.A., Miami, for Appellee.

PER CURIAM.

Daniela Floyd appeals the trial court's final summary judgment of foreclosure. The record indicates that there are genuine issues of material fact related to Bank of America's standing to foreclose and the admissibility of the evidence relied on by Bank of America in its motion for summary judgment. Accordingly, we find that summary judgment was inappropriate and remand for further proceedings.

The original note and mortgage, executed in 2006, identified Countrywide Home Loans, Inc. ("Countrywide") as the lender. After Floyd failed to make the payments required by the note, BAC Home Loans Servicing, LP, f/k/a Countrywide Home Loans Servicing, LP ("BAC"), sent Floyd a notice of default stating that it intended to accelerate the note if the breach was not cured within thirty days. When Floyd failed to cure the default, BAC filed a mortgage foreclosure complaint. BAC alleged that it was the servicer of the loan, it had the authority to act on behalf of the owner in pursuing the action, and all conditions precedent to the acceleration of the note and mortgage had been met. BAC attached to its complaint copies of both the original note and mortgage. The copy of the note included no blank or special indorsements.

After suit had been filed, MERS, as nominee for Countrywide and its successors and assigns, assigned the mortgage to Bank of America, successor by merger to BAC. Bank of America then filed a motion to substitute as party plaintiff, claiming that BAC had merged into Bank of America after the filing of the complaint. The trial court granted this motion and Bank of America moved for summary judgment, claiming that there were no genuine issues of material fact. Along with its motion, Bank of America filed a supporting affidavit from its officer, Dwayne Nuñez, as well as another copy of the note, which now included an undated blank indorsement from Countrywide. The same indorsement also appeared on the original note that Bank of America filed during the summary judgment hearing. Following the hearing, the trial court entered final judgment of foreclosure in Bank of America's favor.

Summary judgment will be granted only if the movant shows "there is no genuine issue as to any material fact, and that the moving party is entitled to a judgment as a

2

matter of law." Fla. R. Civ. P. 1.510(c); Richards v. HSBC Bank USA, 91 So. 3d 233, 234 (Fla. 5th DCA 2012) (citing Volusia Cty. v. Aberdeen at Ormond Beach L.P., 760 So. 2d 126, 130 (Fla. 2000)). The movant also has the burden of refuting any affirmative defenses raised by the non-movant or showing such defenses are legally insufficient. Helping Hand Private Found., Inc. v. Ocean Palms Beach Club, Inc., 77 So. 3d 896, 897 (Fla. 5th DCA 2012). We review orders of summary judgment de novo. Peterson v. Flare Fittings, Inc., 177 So. 3d 651, 654 (Fla. 5th DCA 2015).

Floyd specifically raised the issue of Bank of America's standing to foreclose, an essential element of any foreclosure action. See McLean v. JP Morgan Chase Bank Nat'l Ass'n, 79 So. 3d 170, 173 (Fla. 4th DCA 2012) (finding that to establish standing, plaintiff must show it held or owned note at time complaint was filed). Under section 673.3011, Florida Statutes (2010), a person entitled to enforce a note and foreclose on the associated mortgage is the holder of the note, a non-holder in possession of the note who has the rights of a holder, or a person not in possession of the note who is otherwise entitled to enforce it. Thus, "[t]he party that holds the note and mortgage in question has standing to bring and maintain a foreclosure action." Deutsche Bank Nat'l Tr. Co. v. Lippi, 78 So. 3d 81, 84 (Fla. 5th DCA 2012) (citing Philogene v. ABN Amro Mortg. Grp. Inc., 948 So. 2d 45, 46 (Fla. 4th DCA 2006)).

If the note does not name the plaintiff as the payee, the plaintiff may still foreclose if the note bears either a special indorsement in favor of the plaintiff or a blank indorsement. Riggs v. Aurora Loan Servs., LLC, 36 So. 3d 932, 933 (Fla. 4th DCA 2010). Alternatively, a plaintiff can submit "an assignment from payee to the plaintiff or an affidavit of ownership proving its status as holder of the note" to establish standing. Rigby

3

v. Wells Fargo Bank, N.A., 84 So. 3d 1195, 1196 (Fla. 4th DCA 2012). Importantly, standing must be established as of the date of the filing of the initial foreclosure complaint. Wells Fargo Bank, N.A. v. Morcom, 125 So. 3d 320, 322 (Fla. 5th DCA 2013); Green v. JPMorgan Chase Bank, N.A., 109 So. 3d 1285, 1288 (Fla. 5th DCA 2013).

Bank of America relied on two pieces of evidence to establish its standing to foreclose: 1) an assignment from MERS, as assignee for Countrywide and its successors and assigns, to Bank of America, and 2) Nuñez's affidavit, attempting to establish a foundation to admit an indorsed copy of the note. Because the assignment is dated after the filing of the complaint, though, it cannot prove that Bank of America had standing to foreclose at the time of the complaint. Bank of America must, then, rely on Nuñez's affidavit to establish its standing to foreclose.

There are two problems with Nuñez's affidavit. First, the affidavit does not resolve all the material issues in this case. Floyd specifically raised as an issue the inconsistency between the unindorsed copy of the note attached to the initial complaint and the original indorsed note entered during the summary-judgment proceedings. Neither Nuñez nor Bank of America offered any explanation as to why the blank indorsement appears on the note filed at the hearing, but not on the copy filed with the complaint. BAC had admitted in its response to Floyd's request for admissions that the copy of the note attached to the complaint, bearing no indorsements, was true and accurate, but Nuñez and Bank of America continued to rely on the note entered at summary judgment. Therefore, we find that a material issue remains as to when the note was indorsed and how Bank of America obtained standing to bring its suit.

4

Second, there was an insufficient foundation to admit Nuñez's affidavit under the business records exception to the hearsay rule.[1] In his affidavit, Nuñez indicated that he had personal knowledge of Bank of America's procedures for creating records and was familiar with those records connected with Floyd's loan. He also stated that the records were made at or near the time of occurrence, by individuals with personal knowledge, in the course of Bank of America's regularly conducted business activities, and as Bank of America's regular practice. His affidavit stated that Bank of America was in possession of the original note, and took delivery of the note after Countrywide indorsed the note in blank but prior to the inception of the litigation.

Nuñez's testimony at his deposition, however, shows that he lacked particular knowledge of Bank of America's record-keeping procedures and was not sufficiently acquainted with Bank of America's business practices to substantiate the data on the

---

[1] Section 90.803(6)(a) sets out the business records exception and reads, in part:

(6) Records of regularly conducted business activity.--

(a) A memorandum, report, record, or data compilation, in any form, of acts, events, conditions, opinion, or diagnosis, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity and if it was the regular practice of that business activity to make such memorandum, report, record, or data compilation, all as shown by the testimony of the custodian or other qualified witness, . . . unless the sources of information or other circumstances show lack of trustworthiness. . . .

§ 90.803(6)(a), Fla. Stat. (2013).

We review a trial court's evidentiary ruling for an abuse of discretion. Hidden Ridge Condo. Homeowners Ass'n v. Onewest Bank, N.A., 183 So. 3d 1266, 1268-69 (Fla. 5th DCA 2016). The court's discretion is limited, however, by the rules of evidence. Id. at 1269.

affidavit. Nunez was also unaware of when the indorsement was placed on the note, or even if that information was in Bank of America's system. See Hunter v. Aurora Loan Services, LLC, 137 So. 3d 570 (Fla. 1st DCA 2014) (finding that the testimony of a witness failed to establish the necessary foundation for admitting evidence under the business records exception because the witness was unable to substantiate when the records were made, whether the information they contained derived from a person with knowledge, or whether the original owner regularly made such records); Glarum v. LaSalle Bank Nat'l Ass'n, 83 So. 3d 780, 782-83 (Fla. 4th DCA 2011) (finding that an affidavit of a loan servicing specialist was inadmissible hearsay because the specialist did not know who entered the data that he relied on, whether the computer entries were accurate when made, or how incorporated data from the prior loan servicer was derived).

Because genuine issues of material fact remain as to whether Bank of America had standing at the time the complaint was filed and because Nuñez lacked the personal knowledge required to admit Bank of America's business records, we find the trial court erred in granting summary judgment.

REVERSED AND REMANDED.

PALMER, COHEN and EDWARDS, JJ., concur.