Bazel **MARKLAND** and Annette Hamilton, Appellants,

v.

The **BANK OF NEW YORK MELLON** f/k/a The Bank of New York, As Trustee For The Certificate Holders CWABS, Inc., Asset–Backed Certificates, Series 2006–BC2; Sears Roebuck and Co.; Tempest Recovery Services, Inc., A Corporation As Servicing Agent For Autonation Financial Services Corp.; Unknown Parties In Possession #1, If Living, And All Unknown Parties Claiming By, Through, Under And Against The Above Named Defendant(s) Who Are Not Known To Be Dead Or Alive, Whether Said Unknown Parties May Claim An Interest As Spouse, Heirs, Devisees, Grantees, Or Other Claimants; Unknown Parties In Possession #2, If Living, And All Unknown Parties Claiming By, Through, Under And Against The Above Named Defendant(s) Who Are Not Known To Be Dead Or Alive, Whether Said Unknown Parties May Claim An Interest As Spouse, Heirs, Devisees, Grantees, Or Other Claimants, Appellees.

No. 4D15–4269

District Court of Appeal of Florida, Fourth District.

[December 21, 2016]

1. Judge Carole Y. Taylor has been substituted for Judge W. Matthew Stevenson after his retirement from the court.

Brian Korte and Scott J. Wortman of Korte & Wortman, P.A., West Palm Beach, for appellants.

Erin M. Berger and Kelley Kronenberg, Tampa, for appellee The Bank of New York Mellon f/k/a The Bank of New York, As Trustee For The Certificate Holders CWABS, Inc., Asset–Backed Certificates, Series 2006–BC2.

Per Curiam.

Bazel Markland and Annette Hamilton ("the Borrowers") challenge the final judgment of foreclosure entered after trial. They argue that the appellee bank ("the Bank") failed to prove its standing to bring suit and damages. We find no merit in the argument that standing was not established and affirm without discussion. However, we agree with the assertion that damages were not proven, and we write to explain why we are remanding for further proceedings.

During trial, the Bank relied on the loan payment history and an exhibit referred to as the "judgment figures exhibit" to establish its damages. The loan payment history reflects an ending principal balance of $208,073.49, the amount that was awarded in the final judgment for principal. It does not clearly reflect the amounts due for the other items provided for in the final judgment. The amounts contained in the judgment figures exhibit for principal balance and interest match the amounts awarded in the final judgment. However, the amounts for escrow, insurance, taxes, and corporate advances differ from the amounts provided for in the final judgment. The Bank's witness testified that the interest was calculated in the Bank's recordkeeping system using an adjustable rate. However, contrary to this testimony, the judgment figures exhibit and the final judgment utilized a fixed rate to calculate interest.

Additionally, the loan payment history—which we find to have been properly admitted—was not self-explanatory as to those other amounts, and the witness did not explain how those amounts were gleaned from the loan payment history.

Under these circumstances, we reverse and remand for further proceedings to establish the amounts owed for accrued interest, escrow, insurance, taxes, and corporate advances. *See Hovannesian v. PennyMac Corp.*, 190 So.3d 681, 681–82 (Fla. 4th DCA 2016) (reversing and remanding for further proceedings on damages where payment history established principal balance, taxes, and insurance premiums, but not interest, attorney's fees, and other miscellaneous expenses awarded in the final judgment); *McMillan v. Bank of New York Mellon*, 180 So.3d 1090, 1091–92 (Fla. 4th DCA 2015) (affirming the foreclosure judgment, but reversing as to the amounts in the final judgment where there was

evidence, albeit inadmissible, supporting the amount of indebtedness).[1]

*Affirmed in part, reversed in part, and remanded for further proceedings.*

Ciklin, C.J., May and Damoorgian, JJ., concur.

---

1. Because this is not a case where there was a total lack of evidence as to the amounts owed, remand for dismissal would be inappropriate. *See Wolkoff v. Am. Home Mortg. Serv., Inc.,* 153 So.3d 280, 282–83 (Fla. 2d DCA 2014) (reversing and remanding for entry of involuntary dismissal where no evidence supported the amounts awarded in the final judgment).