IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED


CLEVELAND WELLNESS MEDICAL,
LLC A/A/O  ROBENSON NERIEDE,


       Appellants,

 v.

Case No. 5D21-2623
LT Case No. 2020-SC-054442-O


DIRECT GENERAL INSURANCE
COMPANY,

       Appellee.

_____/

Opinion filed September 9, 2022

Appeal from the County Court
for Orange County,
Carly S. Wish, Judge.

Chad A. Barr, of Chad Barr Law, Altamonte
Springs, for Appellant.

William J. McFarlane, III, and Michael K.
Mittelmark, of McFarlane Law, Coral
Springs, for Appellee.


HARRIS, J.

Cleveland Wellness Medical, LLC a/a/o Robenson Neriede ("Cleveland Wellness") appeals the trial court's order granting Direct General Insurance Company's amended motion to dismiss the complaint with prejudice. Cleveland Wellness argues in part that the trial court violated procedural rules by relying on a default judgment from a separate case to grant the dismissal. We agree.

When considering a motion to dismiss a complaint, trial courts are confined to the allegations contained within the four corners of the complaint and must accept all well-pled allegations as true. Deutsche Bank Nat'l Tr. Co. v. Lippi, 78 So. 3d 81, 94 (Fla. 5th DCA 2012). Therefore, the trial court's reliance on a judgment from a separate case that was not attached to Cleveland Wellness's complaint or incorporated by reference was error. See KC Quality Care, LLC v. Direct Gen. Ins. Co., 47 Fla. L. Weekly D1615 (Fla. 5th DCA July 29, 2022). We reverse and remand for further proceedings.

REVERSED and REMANDED.

WALLIS and SASSO, JJ., concur.

2