# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 5D2023-3075
LT Case No. 2019-10542-CIDL

_____

DIANE BASS,

    Appellant,

    v.

BANK OF AMERICA, N.A.,

    Appellee.

_____

On appeal from the Circuit Court for Volusia County.
Kathryn D. Weston, Judge.

Anthony N. Legendre, II, of Law Offices of Legendre & Legendre, PLLC, Maitland, for Appellant.

Alan M. Pierce, of Liebler Gonzalez & Portundo, Miami, for Appellee.

March 28, 2025

PER CURIAM.

    Appellant, Diane Bass, appeals the final judgment of foreclosure entered in favor of Appellee, Bank of America, N.A. She raises three issues. As to the first two issues, we affirm the trial court's rulings that Appellee had standing to sue and had

complied with all conditions precedent.[1]  For her third issue, Appellant claims that Appellee failed to offer sufficient proof of what Appellant actually owed Appellee.  Our review of the record reveals that Appellee offered competent substantial evidence of many specific sums that Appellant owed; however, there were certain sums that were not sufficiently proven at trial, requiring reversal in part and remand.

In 2009, Appellant defaulted on making loan payments which led to the filing of the first suit to enforce the promissory note and foreclose on the mortgage securing the note.  However, that case was dismissed without prejudice in January 2013 for failure to submit a status report as ordered by the court.  The second foreclosure suit against Appellant, underlying this appeal, was filed in March 2019, alleging that Appellant failed to make the installment loan payment due June 1, 2014 and all subsequent payments.  During the non-jury trial held January 30, 2023, Appellee established its standing to sue and compliance with conditions precedent through testimony and business records.

Appellant asserts that Appellee failed to prove its entitlements to the amounts awarded in the final judgment. Appellee states in its answer brief that it only sought, and was awarded judgment for, amounts that accrued or were incurred on or after June 1, 2014; thus, it waived the right to recover for items and amounts prior to that date.  Appellee offered competent substantial evidence proving that Appellant had indeed defaulted on the June 1, 2014 loan payment and all subsequent loan payments.  Appellee proved by competent substantial evidence that the outstanding, unpaid principal amount owed on the loan by Appellant was $127,734.33.  Appellee's witness, David Rittenhouse, testified that the following items and amounts were accrued or incurred after the alleged default date of June 1, 2014: $40,227.12 for interest up to January 30, 2023, $24,084.86 for insurance, $22,105.09 for property taxes, and $2,054.64 for private

---

[1] *See Wells Fargo Bank, N.A. v. Morcom*, 125 So. 3d 320, 321 (Fla. 5th DCA 2013) (citing *Deutsche Bank Nat'l Tr. Co. v. Lippi*, 78 So. 3d 81, 84 (Fla. 5th DCA 2012)); *Konsulian v. Busey Bank, N.A.*, 61 So. 3d 1283, 1285 (Fla. 2d DCA 2011).

mortgage insurance. Thus, as Appellee did provide competent substantial evidence as to the foregoing items and amounts, we find Appellee entitled to a judgment in its favor as to those amounts. *Wolkoff v. Am. Home Mortg. Servicing, Inc.*, 153 So. 3d 280, 281 (Fla. 2d DCA 2014).

However, we reverse the final judgment to the extent that it included some of those items but for amounts that differed from Mr. Rittenhouse's testimony, and further with the indication that certain awards or items were incurred prior to June 1, 2014. *See Markland v. Bank of New York Mellon*, 206 So. 3d 719, 720–21 n.1 (Fla. 4th DCA 2016); *McMillan v. Bank of New York Mellon*, 180 So. 3d 1090, 1091–92 (Fla. 4th DCA 2015). We remand for further proceedings so that an amended judgment can be entered limiting recovery to those amounts accrued or incurred, on or after June 1, 2014, in accordance with Appellee's concession.

When it came to proving some of the collateral or incidental expenses, Appellee's proof was less clear. Mr. Rittenhouse confirmed that the business records showed there was an escrow deficit of $33,956.73; however, he admitted that $26,945.99 of that predated the default date alleged in Appellant's complaint. Thus, the escrow deficit from the June 1, 2014 date of default going forward was $7,010.74.

Appellee also sought $38,257.04 for "corporate advances," which referred to property preservation, seeking a real estate broker's opinion of a reasonable sale price for the property, and possibly some attorney's fees. Mr. Rittenhouse was unable to testify confidently as to which items or what amounts were incurred before or after June 1, 2014. Although Mr. Rittenhouse said he could make that determination if given a calculator and half an hour, he apparently never undertook that task and certainly did not report the results during trial. The final judgment did not contain a line item titled "corporate advances", but it did award $33,956.73 as "escrow advances," together with amounts for property inspections, broker price opinion, and property preservation.

It is unclear from the testimony and other evidence presented which of the just-mentioned items and amounts accrued, or were

incurred prior to, rather than on or after, June 1, 2014. As to those amounts and items, we reverse and remand for further proceedings to determine the proper amounts owed. *See Markland*, 206 So. 3d at 720–21 n.1; *McMillan,* 180 So. 3d at 1091–92.[2]

AFFIRMED, in part; REVERSED, in part; REMANDED with instructions.

EDWARDS, C.J., and LAMBERT and HARRIS, JJ., concur.

––––––––––––––––––––

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

––––––––––––––––––––

---

[2] There was no cross-appeal and Appellee concedes in its answer brief that the trial court denied Appellee's request for an award of its attorney's fees and costs because Appellee failed to introduce any evidence of entitlement to or the amount of its attorney's fees and costs.