648 So.2d 263 (1994)
Carl JOHNSON, Appellant,
v.
STATE of Florida, Appellee.
No. 94-108.
District Court of Appeal of Florida, Fifth District.
December 30, 1994.
James B. Gibson, Public Defender, and Susan A. Fagan, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Ann M. Childs, Asst. Atty. Gen., Daytona Beach, for appellee.
W. SHARP, Judge.
Johnson appeals from his conviction and sentence for grand theft,[1] which was rendered by the trial court after accepting his guilty plea. He claims the trial court erred in failing to permit him to withdraw his guilty plea and in imposing a $60.00 fee to First Step of Volusia County as a special condition of his probation. We affirm, but strike the fee award.
Johnson's basis for seeking to withdraw his guilty plea in this case was that he was unaware of his own probationary status stemming from another criminal case at the time he pled guilty. Where the mistake or misunderstanding in entering a plea is attributable to the defendant, it is not error for the court to refuse to allow withdrawal of it. Goff v. State, 498 So.2d 1035 (Fla. 1st DCA 1986). No abuse of discretion on the part of the trial judge has been shown in this case for not permitting Johnson to withdraw his plea.[2]
However, we strike the $60.00 fee for First Step because there is no statutory authority for the imposition of this cost. Tibero v. State, 646 So.2d 213 (Fla. 5th DCA 1994); Eckenrode v. State, 638 So.2d 214 (Fla. 5th DCA 1994); Gedeon v. State, 636 So.2d 178 (Fla. 5th DCA 1994); Botts v. State, 634 So.2d 197 (Fla. 5th DCA 1994).
In all other respects the judgment and sentence is AFFIRMED.
COBB and DIAMANTIS, JJ., concur.
NOTES
[1] § 812.014, Fla. Stat. (1993).
[2] Hunt v. State, 613 So.2d 893 (Fla. 1992); Gore v. State, 552 So.2d 1185 (Fla. 5th DCA 1989); Brown v. State, 428 So.2d 369 (Fla. 5th DCA 1983).