HARRIS, C.M., Senior Judge.
Kimberly Le appeals from a foreclosure judgment in favor of U.S. Bank, N.A., as Successor Trustee to Wachovia Bank, N.A., as Trustee for the Certificate Holders of Banc of America Funding Corporation, Mortgage Pass-Through Certificates, Series 2005-H. Ms. Le argues that the trial court erred in entering the foreclosure judgment because U.S. Bank relied on records from a prior loan servicer to establish its case. We affirm, but strike the award of certain fees and costs.
Ms. Le and her husband, Hung K. Nguyen,[1] executed a mortgage and variable rate note for $236,000 in favor of Bank of America in July 2005. The note went into default in September 2008. Bank of America endorsed the note to Wachovia Bank, National Association, as trustee for the holders of Banc of America Funding Corporation Mortgage Pass-Through Certificates, Series 2005-H. Wachovia, thereafter, filed the instant foreclosure action in April 2009. Based on a name and trustee change, U.S. Bank was later substituted as the party plaintiff.
The case proceeded to trial, where the original mortgage, the original note with an endorsement to Wachovia, and a default letter sent to Ms. Le in October 2008 by Bank of America were admitted into evidence. At trial, U.S. Bank chiefly relied on testimony from Felicia Febbler, who testified that she was employed by the current loan servicer, Specialized Loan Servicing (“SLS”), and that SLS had taken over servicing the loan from the original servicer, Bank'of America.
Ms. Febbler testified concerning the payment history based on the business records of Bank of America and SLS, explaining that the standard in loan servicing is that “the payments are posted by a *778 person of knowledge at or near the time the event actually occurred.” She testified that she was familiar with the policies used to maintain documents such as these and that the information was contained in records kept in the normal course of business.
Importantly, Ms. Febbler testified that before information from a former servicer is boarded to SLS’s system, the information is checked for accuracy and to confirm that the prior servicer’s entries, including loan payment histories, conform to industry standards. SLS also verifies the status of the loan. She explained that among other things, SLS verifies the correctness of the records, making sure the original balance is correct and then confirms the payments were properly applied based on amortization schedules that are standard in the industry. With regard to Ms. Le’s loan, Ms. Febbler testified from her review of the records of both SLS and Bank of America, that there was no indication of any inaccuracies in the records. The court admitted the payment history into evidence as a business record. Ms. Febbler then testified to the amount owed, including amounts for fees and process server costs. Ms. Le presented no evidence or testimony.
On appeal, Ms. Le primarily argues that the court should not have allowed Ms. Febbler to testify based on records from the prior servicer, including the payment history and the default letter, because she did not work for the prior servicer and did not personally “board” the records from the prior servicer to SLS’s system. We hold that Ms. Febbler’s testimony regarding the records from Bank of America and SLS met all of the necessary foundational requirements for admission as business records under section 90.803(6), Florida Statutes (2014). Although there was no testimony that Ms. Febbler worked for the prior servicer, she testified that she was familiar with industry standards in recording and maintaining the records and that the records received from the prior servi-cer were tested for accuracy and compliance with industry standards via a boarding process before the information was input into SLS’s system. She was able to testify regarding the specifics of SLS’s verification process. This was sufficient evidence of the records’ trustworthiness. See WAMCO XXVIII, Ltd. v. Integrated Elec. Env’ts, Inc., 903 So.2d 230, 233 (Fla. 2d DCA 2005) (current note holder established amount of money owed based in part on information from prior note holder; witness testified prior holder’s system was consistent with “bank-acceptable accounting systems” and current holder had process to verify accuracy of information received from prior holder).
Ms. Le also argues that Wacho-via lacked standing to file the foreclosure action because the copy of the note filed with the complaint did not contain the endorsement to Wachovia. Wachovia established standing by filing the original note containing the endorsement before trial and presenting evidence at trial from which the court could determine that the endorsement occurred prior to filing the complaint.
Lastly, U.S. Bank concedes that it presented insufficient evidence of the “costs, title costs, [and] service of process charges.” Therefore, those amounts are stricken from the judgment. See Johnson v. State, 648 So.2d 263, 263 (Fla. 5th DCA 1994) (affirming judgment and sentence but striking cost award imposed without statutory authority). In all other respects, the judgment is affirmed.
AFFIRMED.
ORFINGER and LAWSON, JJ., concur.

. Mr. Nguyen is not a party to this appeal.