WALLIS, J.
Hidden Ridge Condominium Homeowners Association, Inc. (“Hidden Ridge”), appeals a final judgment of foreclosure in favor of OneWést Bank, N.A. (“OneWest”). Because OneWest failed to present competent, substantial evidence to support foreclosure, we reverse the judgment and remand for an evidentiary hearing.
On October 26, 2007, Walter Gary Harvey, Jr., executed and delivered a promissory note and reverse mortgage to Financial Freedom Senior Funding Corporation (“FFSF”) for a condominium at Hidden *1268 Ridge Condominiums in Seminole County, Florida (the “condo”). After Harvey died on October 8,2008, FFSF filed the original foreclosure complaint against Hidden Ridge and several other parties with potential interests in the condo. On January 31, 2013, after FFSF transferred servicing rights to OneWest, the trial court granted FFSF’s motion to substitute OneWest as party plaintiff.
-OneWest later filed the original note and a certified copy of the original mortgage. OneWest then amended its complaint, alleging that, as holder of the note, it had standing to foreclose. OneWest alleged that its mortgage was superior to any claimed interest in the property, specifically, any interest Hidden Ridge may claim.
Hidden Ridge answered, claiming an interest in the condo based upon its lien rights pursuant to section 718.116, Florida Statutes (2013), and otherwise alleging its lack of knowledge regarding the other allegations. No other party claimed an interest in the condo.
On March 11, 2014, OneWest filed a notice of intent to offer various documents at trial, pursuant to section 90.803(6)(c), Florida Statutes (2013). The notice listed the following documents, intended to be offered at trial via certification: the original note, the original mortgage, a demand letter, the payment history, and business records showing amounts due and owing.[1] Hidden Ridge did not object to the notice. On August 28, 2014, OneWest filed a witness and exhibit list, stating its representative would testify as to the business records, the loan, the default, and standing.
At the non-jury trial on September 22, 2014, OneWest presented no witnesses, choosing to present only a certified business records affidavit in an attempt to lay a foundation for the business records’ admissibility. The affidavit, prepared by an assistant secretary for OneWest, made no reference to FFSF and stated:
In the regular performance of my job functions, I am familiar with business records maintained by OneWest for the purpose of servicing mortgage loans. These records (which include data compilations, electronically imaged documents, and others) are made at or near the time of the occurrences or transactions recorded therein by a person with knowledge, or from information provided by a person with knowledge, and are kept in the course of business activity conducted regularly by OneWest. It is the regular practice of OneWest mortgage-servicing business to make these records. In connection with making this affidavit, I have acquired personal knowledge of the matters stated herein by personally examining these business records.
The trial court admitted the affidavit and business records over Hidden Ridge’s objection. The trial court later entered a final judgment of foreclosure in favor of OneWest, finding OneWest’s lien “superior to all claims or estates of defendants.”
We agree with Hidden Ridge’s argument that OneWest’s certified business records affidavit did not include the necessary foundation to admit the accompanying documents.[2] “A trial court has *1269 wide discretion in determining the admissibility of evidence, and, absent an abuse of discretion, the trial court’s ruling on evi-dentiary matters will not be overturned.” LaMarr v. Lang, 796 So.2d 1208, 1209 (Fla. 5th DCA 2001) (citations omitted). “The trial court’s discretion is limited by the rules of evidence.” Johnston v. State, 863 So.2d 271, 278 (Fla.2003).
The business records exception to the rule against hearsay allows for the admission of hearsay evidence if its proponent establishes that it satisfies the requirements of section 90.803(6)(a), Florida Statutes (2014), which provides:
A memorandum, report, record, or data compilation, in any form, of acts, events, conditions, opinion, or diagnosis, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity and if it was the regular practice of that business activity to make such memorandum, report, record, or data compilation, all as shown by the testimony of the custodian or other qualified witness, or as shown by a certification or declaration that complies with paragraph (c) and s. 90.902(11), unless the sources of information or other circumstances show lack of trustworthiness.
A proponent may establish the requirements for the exception by presenting a “certification or declaration that complies with sections 90.803(6)(e) and 90.902(11), Florida Statutes (2004).” Yisrael v. State, 993 So.2d 952, 957 (Fla.2008).[3] “While it is not necessary to call the individual who prepared the document, the witness through whom a document is being offered must be able to show each of the requirements for establishing a proper foundation.” Mazine v. M & I Bank, 67 So.3d 1129, 1132 (Fla. 1st DCA 2011) (citation omitted).
In Nationstar Mortgage, LLC v. Berdecia, 169 So.3d 209, 213 (Fla. 5th DCA 2015), this court found a witness’ entry of records created by a prior servicer proper when she “demonstrate^ familiarity with the record-keeping system of [the] business that prepared the document and knowledge of how the data was uploaded into the system.” See also Le v. U.S. Bank, 165 So.3d 776, 778 (Fla. 5th DCA 2015) (holding that a witness properly laid the foundation for records of a prior servi-cer because she “testified that she was familiar with industry standards in recording and maintaining the records and that the records received from the prior servi-cer were tested for accuracy and compliance with industry standards via a boarding process”).
Because OneWest’s affiant was not the person who actually prepared the business records for FFSF, the original servicer, he must have been able to establish each of the foundational requirements for admissibility. See Mazine, 67 So.3d at 1132. The certified business records affidavit included many of the necessary elements required by section 90.803(6)(c). However, the affidavit failed to “demonstrate familiarity with the record-keeping system of *1270 [the] business that prepared the documents] and knowledge of how the data was uploaded into the system.” Nationstar, 169 So.3d at 216. The affidavit also failed to address whether OneWest verb fied the documents’ accuracy and compliance with industry standards. See Le, 165 So.3d at 778. Without this necessary information, OneWest’s affidavit did not adequately establish a foundation for entry of business records. Finding the trial court abused its discretion in admitting the business records, we reverse the judgment and remand for an evidentiary hearing. See Webster v. Chase Home Fin., LLC, 155 So.3d 1219, 1220 (Fla. 5th DCA 2015); Mazine, 67 So.3d at 1131 (reversing and remanding for further proceedings where bank failed to lay proper foundation for introduction into evidence of business record).[4]
REVERSED and REMANDED for further proceedings consistent with this opinion.
SAWAYA and BERGER, JJ., concur.

. OneWest argues Hidden Ridge waived these arguments because it failed to object to the business records’ certification, pursuant to section 90.803(6)(c). However, OneWest’s notice of intent to offer at trial listed docu-mente to be introduced only by certification, and OneWest subsequently filed a witness list, leaving Hidden Ridge uncertain about OneW-est's intended method for offering the business records at trial. The objectionable issue arose only when OneWest offered the affidavit in open court, at trial, at which time Hidden *1269 Ridge immediately objected based on the improper predicate for entry of the business record.

. Appellant contests the “authentication” of the business records, a condition precedent to admissibility under section 90.901, Florida Statutes (2014). However, section 90.902, Florida Statutes (2014), states: “Extrinsic evidence of authenticity as a condition precedent to admissibility is not required for: ... (8) Commercial papers and signatures thereon and documents relating to them, to the extent provided in the Uniform Commercial Code.” Therefore, the endorsed note, as commercial paper, is self-authenticating.

. We also find neither party presented competent evidence to establish which one had a superior interest in the condo. Thus, on remand, either party may request an evidentiary hearing to resolve this issue. See Hidden Ridge Condo. Homeowners v. Greentree Servicing, LLC, 167 So.3d 483, 483 (Fla. 5th DCA 2015).