IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

TOWER HILL SIGNATURE INSURANCE, ETC.,

      Appellant,

 v.                                 Case No.  5D15-1719

LARRY J. SPECK, JR. AND KEREN E. SPECK,

      Appellees.
_____/

Opinion filed August 12, 2016

Appeal from the Circuit Court
for Orange County,
Patricia A. Doherty, Judge.

David R. Terry, Jr., of The Rock Law Group,
P.A., Maitland, for Appellant.

Raymond T. Elligett, Jr. and Amy S. Farrior,
of Buell & Elligett, P.A., Tampa, and Ty
Tyler and Clark Hamilton, of Tyler &
Hamilton, P.A., Jacksonville, for Appellees.

COHEN, J.

Tower Hill Signature Insurance Co. ("Tower Hill") appeals the final judgment, following a jury trial, ordering it to pay up to $164,080 for subsurface repair and stabilization to the home of Larry and Keren Speck ("the Specks") due to the Specks' claim for sinkhole damage. We find that the trial court abused its discretion in not admitting evidence of the amount the Specks received to repair the home from a prior insurance company after a previous sinkhole claim on the same property.

The Specks made this claim against their Tower Hill policy in January of 2010. Following an initial investigation, Tower Hill refused to pay the claim and rescinded the Specks' policy alleging that the home had unrepaired damage at the time the policy was issued.[1] The Specks then sued Tower Hill for breach of the insurance contract. Tower Hill alleged, as an affirmative defense, that the contract was void because the Specks failed to disclose unrepaired damage.

In 2001, the Specks made a claim with their previous insurer for sinkhole damage to the same house. The Specks claimed their home was a total loss and sought damages up to their policy limit of $330,000. An engineer for the insurer recommended $166,000 in below ground repairs. The Specks' lawyer claimed, in a later affidavit, the need for an additional $64,000 for above ground repairs. The claim was settled for $260,000.[2] Of the $260,000, the Specks spent only $15,000 on repairs. The rest was used to pay off two mortgages—totaling $217,000—and the public appraiser. The Specks commissioned a contractor to make those initial repairs, and Larry Speck testified that he commissioned the company to repair the home completely, after which the cracks in the home closed up and were patched. Those repairs were completed by 2004.

At trial, Tower Hill sought to establish that the initial sinkhole damage had not been fully repaired. The company presented the testimony of a tenant who rented the home following the repairs contradicting Larry Speck's testimony. Tower Hill also proffered testimony from Larry Speck to establish that in 2001, the Specks received $260,000 to

---

[1] The policy specifically stated that homes with unrepaired damage were not eligible for coverage.

[2] The record is unclear as to the basis for the additional $30,000. Attorney's fees were awarded separately.

repair the home but had only spent $15,000 for such repairs. The trial court excluded testimony about the earlier $260,000 payment as irrelevant under section 90.401, Florida Statutes (2014).[3] A significant portion of Tower Hill's closing argument was dedicated to arguing that the Specks' home had unrepaired damage, making it ineligible for coverage. The jury found Tower Hill breached its insurance contract and was liable in the amount of $164,080.

Tower Hill argues that the trial court erred in excluding evidence of the amount of the settlement for the Specks' first claim. A trial court's decision to exclude evidence is reviewed for an abuse of discretion, but that discretion is limited by the rules of evidence. Hidden Ridge Condo. Homeowners Ass'n Inc. v. Onewest Bank, N.A., 183 So. 3d 1266, 1268-69 (Fla. 5th DCA 2016). A court abuses its discretion when it makes a "clearly erroneous assessment of the evidence." Johnson v. State, 969 So. 2d 938, 949 (Fla. 2007).

Relevant evidence is defined by statute as evidence that tends to prove or disprove a material fact: it must tend to establish a fact at issue or to make an inference more or less probable. § 90.401, Fla. Stat.; Thigpen v. United Parcel Servs., Inc., 990 So. 2d 639, 646 (Fla. 4th DCA 2008). While the amount of a settlement for a prior injury is generally properly excluded as irrelevant to a current claim, evidence of the amount of settlement may be relevant to the defendant's liability or to the amount of damages when the evidence speaks to an element of the plaintiff's claim, such as whether some or all of the

---

[3] The trial court initially ruled that the evidence was inadmissible at a hearing on the Specks' motion in limine. The record does not contain a transcript of that hearing.

claimed damages pre-existed the event allegedly giving rise to liability. See State Farm Fire & Cas. Co. v. Pettigrew, 884 So. 2d 191, 196-97 (Fla. 2d DCA 2004).

Here, there is no question that the existence of unrepaired damage was a material issue at trial. We believe the disparity between the amount of the settlement the Specks received to repair the home in 2001 and the amount actually spent on repairs tends to make more probable Tower Hill's allegation that there was prior unrepaired damage to the home when the Specks signed the insurance contract. The disparity also makes less probable the Specks' argument that their home was completely repaired for $15,000. We find, therefore, that the evidence was relevant and should have been presented to the jury.

The Specks argue that the evidence was nonetheless properly excluded as duplicative of other admitted evidence.[4] Although the Specks are correct that interrogatories and other reports documenting the unrepaired damage came into evidence, this evidence was not as powerful as the amount of the settlement itself. The sheer size of the disparity between the two figures tends to prove that the Specks did not repair all of the original damage. Thus, we find that the amount of the settlement was not duplicative of the evidence already entered at trial.

The Specks also argue that the amount of the settlement was properly excluded because the evidence was confusing and prejudicial. They analogize the amount of the previous payment to evidence of a collateral source payment, which is generally inadmissible because of the risk of leading the jury to believe that previous payments

---

[4] While we need not reach the merits of the Specks' remaining arguments since the trial court ruled that the evidence was irrelevant under sections 90.401-402, we do so to provide direction to the trial court on remand.

4

have already completely compensated the plaintiff. See Joerg v. State Farm Mut. Auto. Ins. Co., 176 So. 3d 1247, 1249-50 (Fla. 2015).

This argument is unpersuasive because the amount of the previous settlement is directly relevant to the issue of whether the Specks misrepresented to Tower Hill that there was no unrepaired damage to their property prior to signing their insurance contract. Because this issue is central to the final disposition of the case—and Tower Hill's affirmative defense—we do not believe there was a significant risk of confusing the jury about the issues. In fact, the jury asked about the amount of the 2001 settlement during its deliberations. Further, there was little risk of prejudice because, unlike evidence of collateral source payments, which can lead to a windfall for the tortfeasor, the evidence of the amount of the Specks' previous settlement goes directly to Tower Hill's liability under the contract.

We find the trial court's decision to exclude the amount of the Specks' previous settlement was an abuse of discretion. Accordingly, we vacate the final judgment, including the award of attorney's fees, and remand for a new trial.

REVERSED and REMANDED FOR NEW TRIAL.

LAMBERT, J., and LEMONIDIS, R., Associate Judge, concur.

5