IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

DEUTSCHE BANK NATIONAL TRUST
COMPANY, AS TRUSTEE FOR MORGAN
STANLEY ABS CAPITAL 1, INC. TRUST
2006-HE3,

     Appellant,

v.                              Case No.  5D17-1811

MARY E. FORESTER,

     Appellee.

_____/

Opinion filed July 20, 2018

Appeal from the Circuit Court
for Volusia County,
Sandra J. Upchurch, Judge.

J. Kirby McDonough, S. Douglas Knox, and
Michael J. Labee, of Quarles & Brady LLP,
Tampa, for Appellant.

Sebrina L. Slack, of Landis Graham French,
PA, Deland, for Appellee.


PER CURIAM.

     Appellant, Deutsche Bank National Trust Company, as Trustee for Morgan Stanley

ABS Capital 1, Inc. Trust 2006-HE3 ("Appellant"), appeals from a summary final judgment

entered in favor of Appellee, Mary E. Forester ("Appellee"), in the third foreclosure action

between these parties on the same note and mortgage.  The trial court concluded that

Appellant's instant suit was barred by res judicata and the statute of limitations because the two prior suits were involuntarily dismissed with prejudice, which constituted adjudications on the merits, and "because the time has expired as to any date of default with the exception of subsequent defaults which are not appropriate in this case."

Appellant argues that the trial court erred in entering summary judgment in both respects, because the complaint alleged new and subsequent defaults in the instant foreclosure suit that occurred after the dismissal of the prior actions. Appellant also asserts that its action is not barred by the statute of limitations because it filed the complaint within five years of the alleged defaults. We agree with Appellant on both points and write only to address its res judicata argument.

"While it is true that a foreclosure action and an acceleration of the balance due based upon the same default may bar a subsequent action on that default, an acceleration and foreclosure predicated upon subsequent and different defaults present a separate and distinct issue." *Singleton v. Greymar Assocs.*, 882 So. 2d 1004, 1007 (Fla. 2004) (citations omitted). "[E]ach subsequent default accruing after the dismissal of an earlier foreclosure action creates a new cause of action." *Bartram v. U.S. Bank Nat'l Ass'n*, 211 So. 3d 1009, 1020 (Fla. 2016).

While Appellant has alleged some defaults in its most recent complaint that were dismissed in its prior actions, it also alleged new and different defaults that occurred after the two prior dismissals. As such, the trial court erred when it applied the doctrine of res judicata to these subsequent defaults. We therefore reverse the entry of summary judgment and remand for further proceedings.

REVERSED and REMANDED.

EVANDER and EISNAUGLE, JJ., and BASS, J., Associate Judge, concur.