DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**MARK B. SACKS** and **BARBARA SACKS,**
Appellants,

v.

**THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK,**
as Trustee for the Certificate holders of the CWMBS, Inc., Mortgage Pass-Through Trust 2005-HYB7 Mortgage Pass-Through Certificates, Series 2005-HYB7,
Appellee.

No. 4D17-2122

[December 19, 2018]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Roger B. Colton, Judge; L.T. Case No. 50-2016-CA-003944-XXXX-MB.

Bruce K. Herman of The Herman Law Group, P.A., Fort Lauderdale, for appellants.

Alexis Fields of Kopelowitz Ostrow Ferguson Weiselberg Gilbert, Fort Lauderdale, for appellee.

**ON MOTIONS FOR CLARIFICATION, REHEARING,
REHEARING EN BANC AND CERTIFICATION OF CONFLICT
OR QUESTION OF GREAT PUBLIC IMPORTANCE**

FORST, J.

We deny Appellants' motion for clarification and rehearing en banc and Appellee's motion for rehearing, rehearing en banc, and certification of conflict or question of great public importance. We nonetheless withdraw our previously issued opinion and substitute the following.

Appellants Mark and Barbara Sacks appeal a final summary judgment of foreclosure in favor of Appellee, The Bank of New York Mellon ("the Bank"). Appellants raise several issues on appeal. We affirm without comment with respect to all issues with one exception. The trial court erred in admitting the payment history submitted by the Bank to establish

the amount owed under the note. Accordingly, we reverse the judgment and remand for an evidentiary hearing on that issue. We otherwise affirm on the remaining issues raised.

## Background

Appellants defaulted on their mortgage, and the Bank filed a foreclosure complaint and subsequently moved for summary judgment. In support of its motion, the Bank filed a tabulation of Appellants' payment history under the terms of the note and mortgage and an accompanying affidavit seeking to establish the business records predicate for admission. The affiant was a document coordinator of the Bank's servicer, Bayview Loan Servicing ("BLS"). The payment history attached to the affidavit was generated by BLS and it incorporated tabulations by Bank of America ("BoA"), a prior servicer of the loan. The entirety of the affidavit's discussion of BLS's business records was as follows:

> The information in this affidavit is taken from BLS's business records. I have personal knowledge of BLS's procedures for creating these records. They are: (a) made at or near the time of the occurrence of the matters recorded by persons with personal knowledge of the information in the business record, or from information transmitted by persons with personal knowledge; (b) kept in the course of BLS's regularly conducted business activities; and (c) it is the regular practice of BLS to make such records.

At the summary judgment hearing, with respect to the BLS affidavit, Appellants argued the absence of any mention of "[BoA's] records, how BLS got a hold of them, and how they . . . brought those records in with a sufficient boarding process." The trial court nonetheless granted the Bank's motion for summary judgment and entered a final judgment of foreclosure against Appellants.

## Analysis

"The standard of review for evidentiary rulings is abuse of discretion." *Holt v. Calchas, LLC*, 155 So. 3d 499, 503 (Fla. 4th DCA DCA 2015). However, "whether evidence is hearsay and whether evidence fits within an exception to the hearsay rule are questions of law reviewed de novo." *Washburn v. Washburn*, 211 So. 3d 87, 90 (Fla. 4th DCA 2017). "[G]enerally the courts hold the moving party for summary judgment or decree to a strict standard and the papers supporting [the movant's] position are closely scrutinized . . . ." *OneWest Bank, FSB v. Jasinski*, 173

So. 3d 1009, 1014 (Fla. 2d DCA 2015) (quoting *Gonzalez v. Chase Home Fin. LLC*, 37 So. 3d 955, 958 (Fla. 3d DCA 2010)).

"All affidavits in support of a motion for summary judgment 'shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein.'" *Lindsey v. Cadence Bank, N.A.*, 135 So. 3d 1164, 1167 (Fla. 1st DCA 2014) (quoting Fla. R. Civ. P. 1.510(e)). "The opposing party is not required to file a counter-affidavit to defeat the motion . . . ." *Id.*

Here, the Bank sought to meet the business records exception to hearsay for its records, including the payment history, via affidavit. The affidavit needed to demonstrate:

> (1) that the record was made at or near the time of the event; (2) that it was made by or from information transmitted by a person with knowledge; (3) that it was kept in the ordinary course of a regularly conducted business activity; and (4) that it was a regular practice of that business to make such a record.

*Bank of N.Y. v. Calloway*, 157 So. 3d 1064, 1069 (Fla. 4th DCA 2015) (citing *Yisrael v. State*, 993 So. 2d 952, 956 (Fla. 2008)).

Because the servicer's (BLS) records incorporated a payment history generated by a predecessor servicer (BoA), the additional requirements of demonstrating reliance and trustworthiness attached. This Court's opinion in *Calloway* explains:

> Where a business takes custody of another business's records and integrates them within its own records, the acquired records are treated as having been "made" by the successor business, such that both records constitute the successor business's singular "business record." *United States v. Adefehinti*, 510 F.3d 319, 326 (D.C. Cir. 2007), as amended (Feb. 13, 2008). However, since records crafted by a separate business lack the hallmarks of reliability inherent in a business's self-generated records, proponents must demonstrate not only that "the other requirements of [the business records exception rule] are met" but also that the successor business relies upon those records **and** "the circumstances indicate the records are trustworthy." *United States v. Childs*, 5 F.3d 1328, 1333 (9th Cir. 1993).

3

. . . .

> This principle is codified within section 90.803(6) itself, which provides trial courts the ability to exclude documents otherwise fitting the business records exception where "the sources of information or other circumstances show lack of trustworthiness." § 90.803(6)(a), Fla. Stat. (2008).

157 So. 3d at 1071 (alteration in original) (emphasis added) (footnote omitted). Trustworthiness can be established by either (1) "providing evidence of a business relationship or contractual obligation between the parties that ensures a substantial incentive for accuracy," or (2) "the successor business itself may establish trustworthiness by independently confirming the accuracy of the third-party's business records upon receipt." *Id.* at 1072.

In *Calloway*, we found the bank's witness confirmed the trustworthiness of the relied-upon third-party business records by testifying that the bank reviewed the payment history for accuracy before inputting the payment information into its own system. *Id.* We additionally noted that, "even had [the witness] not so testified, the circumstances of the loan transfer itself would have been sufficient to establish trustworthiness given the business relationships and common practices inherent among lending institutions acquiring and selling loans." *Id.*

Somewhat similarly, in *Nationstar Mortg., LLC v. Berdecia*, 169 So. 3d 209 (Fla. 5th DCA 2015), the court found a witness's entry of records created by a prior servicer proper "so long as all the requirements of the business records exception are satisfied, the witness can testify that the successor business relies upon those records, and the circumstances indicate the records are trustworthy." *Id.* at 216; *see also Le v. U.S. Bank*, 165 So. 3d 776, 778 (Fla. 5th DCA 2015) (holding that a witness properly laid the foundation for a prior servicer's records because the witness "testified that she was familiar with industry standards in recording and maintaining the records and that the records received from the prior servicer were tested for accuracy and compliance with industry standards via a boarding process before the information was input").

On the other hand, the Fifth District reversed a judgment of foreclosure in *Hidden Ridge Condominium Homeowners Ass'n, Inc. v. Onewest Bank, N.A.*, 183 So. 3d 1266 (Fla. 5th DCA 2016), in part due to the failure of an affidavit filed on behalf of the bank to address whether the foreclosing bank verified a predecessor's payment history for accuracy and compliance with

industry standards. *Id.* at 1270. The affidavit, in fact, made no mention of the predecessor. *Id.* at 1268; *see also Channell v. Deutsche Bank Nat'l Tr. Co.*, 173 So. 3d 1017, 1020 (Fla. 2d DCA 2015) (remanding for establishment of the amount due because there was no testimony on whether a predecessor's loan documents had been verified for accuracy nor whether the witness was familiar with the predecessor's record-keeping system).

Here, the relevant portion of the Bank representative's affidavit merely recited the four elements of the business records exception, as applied to BLS's own records. Just as in *Hidden Ridge Condominium*, the affidavit said nothing about incorporating the predecessor servicer's payment records or, indeed, anything about the predecessor at all. Without any explanation as to how BoA's payment records were verified for accuracy or how the Bank acquired them, the trustworthiness requirement was not met. Thus, we must conclude "[t]he record fails to demonstrate that an adequate foundational predicate was established, and the loan . . . records relied on to establish the outstanding debt constituted inadmissible hearsay." *Channell*, 173 So. 3d at 1020 (citing §§ 90.802, 90.803(6), Fla. Stat. (2014)). Without the payment history, there was insufficient evidence to support the amount owed under the loan, and summary judgment was granted in error on this point.

In their brief, Appellants also challenged the trial court's rulings that the Bank had standing, that their affirmative defenses had been refuted, and that there was sufficient evidence BLS was the servicer of the loan. As to these issues, we conclude that no error occurred. Thus, these rulings are conclusively established for the purpose of further proceedings.

### Conclusion

The Bank failed to establish a foundation for entry of its business records concerning the amount due and owing. Thus, "there is insufficient evidence to support the amount due and owing under the loan," and "we must reverse and remand for further proceedings to properly establish the amount due and owing." *Channell*, 173 So. 3d at 1020.

*Affirmed in Part, Reversed and Remanded in Part.*

WARNER and MAY, JJ., concur.

\*　　\*　　\*

5