# FIFTH DISTRICT COURT OF APPEAL
# STATE OF FLORIDA

_____

Case No. 5D2023-2017
LT Case No. 2019-CA-002838

_____

MORTGAGE ASSETS
MANAGEMENT SERIES I TRUST,
BANK of NEW YORK MELLON
TRUST COMPANY, N.A.,

     Appellant,

     v.

JASON HARVEY, RICHARD G.
HARVEY, HIDDEN RIDGE
CONDOMINIUM HOMEOWNERS
ASSOCIATION, INC.; ESTATE of
WILLIAM G. HARVEY, ESTATE of
WALTER GARY HARVEY, JR.; LISA
LYNN HARVEY; DEBORAH
CONNELL; UNITED STATES of
AMERICA on Behalf of
SECRETARY of HOUSING and
URBAN DEVELOPMENT; ESTATE
of RICHARD G. HARVEY,

     Appellees.

_____

On appeal from the Circuit Court for Seminole County.
Nancy F. Alley, Judge.

David Rosenberg, of Robertson, Anschutz, Schneid, Crane &
Partners, PLLC, Boca Raton, for Appellant.

David N. Glassman, of David N. Glassman, P.A., Orlando, for Appellee, Hidden Ridge Condominium Homeowners Association, Inc.

No Appearance for Remaining Appellees.

September 6, 2024

KILBANE, J.

Appellant, Bank of New York Mellon Trust Company, N.A. ("BONYM") appeals from a final judgment entered in favor of Appellee, the Hidden Ridge Condominium Homeowner's Association, Inc. ("Hidden Ridge"), where BONYM sought to foreclose on a reverse mortgage. Hidden Ridge raised the doctrine of res judicata as an affirmative defense to BONYM's action, and the trial court ultimately entered judgment in favor of Hidden Ridge, concluding that res judicata barred BONYM's action. BONYM now seeks our review. For the reasons that follow, we affirm.

## **Facts**

In 2007, Walter Harvey, Jr. executed a reverse mortgage and promissory note.[1] Pertinent to this appeal, the mortgage contained

---

[1] A reverse mortgage allows elderly homeowners to receive monthly payments from a lender based upon the homeowners' equity in their principal residence. Instead of the more conventional mortgage arrangement—where the borrower receives a lump sum from a lender, and then repays the lender over time with monthly payments— generally, in a reverse mortgage arrangement, the lender makes monthly payments to the elderly homeowners, and the homeowners' obligation to repay the lender ripens only upon the homeowners' death or when the homeowners move from their home.

a provision which read: "Lender may require immediate payment in full of all sums secured by this Security Instrument if . . . [a] Borrower dies and the Property is not the principal residence of at least one surviving Borrower."[2]

One year after executing the note and mortgage, Mr. Harvey died. Subsequently, on October 10, 2013, OneWest Bank, FSB ("OneWest"), as the holder of the note and mortgage, accelerated the mortgage debt pursuant to the terms of the reverse mortgage and filed a foreclosure action. Among others, OneWest named Hidden Ridge as a defendant in that case on the basis that it may claim some interest in, or lien upon, the subject property. That case proceeded to trial and judgment was entered in favor of OneWest.

On appeal in the initial foreclosure case, this court reversed and remanded for further proceedings in *Hidden Ridge Condominium Ass'n, Inc. v. OneWest Bank, N.A.*, 183 So. 3d 1266 (Fla. 5th DCA 2016). There, this court explained that: "We also find neither party presented competent evidence to establish which one had a superior interest in the condo. Thus, on remand, either party may request an evidentiary hearing to resolve this issue." *Id.* at 1270 n.4 (citing *Hidden Ridge Condo. Homeowners v. Greentree Servicing, LLC*, 167 So. 3d 483, 483 (Fla. 5th DCA 2015)).

On remand, a new trial was held, and at the conclusion Hidden Ridge requested dismissal, arguing that OneWest had

*Smith v. Reverse Mortg. Sols.*, 200 So. 3d 221, 222–23 (Fla. 3d DCA 2016), *overruled in part on other grounds* by *WVMF Funding v. Palmero*, 320 So. 3d 689, 694 (Fla. 2021). Such was the case here.

[2] The mortgage and affiliated note contained several other terms which would permit the lender to seek payment in full. In the proceedings below, BONYM depended upon Mr. Harvey's death as the relevant acceleration event entitling it to foreclose. Accordingly, we do not address whether any other term could have entitled BONYM to foreclose, had it been raised, or whether any other term may entitle BONYM to foreclose in the future.

failed to prove that its mortgage was superior to Hidden Ridge's claim of lien. The trial court agreed and entered an order dismissing OneWest's action and entering final judgment in favor of Hidden Ridge, citing to Rule 1.420(b).[3] OneWest did not seek rehearing, nor did it file an appeal.

Approximately one year after the dismissal of OneWest's action, BONYM, as the new holder of the reverse mortgage, filed an action to foreclose and to reestablish the lost note. Hidden Ridge filed an answer, raising res judicata as an affirmative defense. The case proceeded to trial, at which the applicability of the res judicata defense was tried first. At the conclusion of the evidence, the trial court ruled that the case was precluded by res judicata and entered judgment in favor of Hidden Ridge.

## Discussion

On appeal, BONYM argues that Hidden Ridge failed to prove res judicata and encourages this court to apply the law applicable to traditional mortgages—and its unique treatment of res judicata—to reverse mortgages. However, for the reasons stated below, we are not only satisfied that Hidden Ridge sufficiently

---

[3] As pertinent here, Florida Rule of Civil Procedure 1.420(b) provides:

> After a party seeking affirmative relief in an action tried by the court without a jury has completed the presentation of evidence, any other party may move for a dismissal on the ground that on the facts and the law the party seeking affirmative relief has shown no right to relief . . . . The court as trier of the facts may then determine them and render judgment against the party seeking affirmative relief . . . . Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision . . . operates as an adjudication on the merits.

Here, the trial court did not otherwise specify that its order did not operate as an adjudication on the merits.

4

proved each element of res judicata in this case, but that these broader traditional foreclosure res judicata principles should not apply to reverse mortgages containing provisions such as those in the mortgage and note at issue here.

Proper application of res judicata requires the existence of five elements, first "a judgment on the merits," *see Kimbrell v. Paige*, 448 So. 2d 1009, 1012 (Fla. 1984) (quoting *Wade v. Clower*, 114 So. 548, 552 (Fla. 1927)), and then what are typically referred to as the "four identities," which are: "(1) identity in the thing sued for; (2) identity of the cause of action; (3) identity of the person and parties to the actions; and (4) identity of the quality or capacity of the person for or against whom the claim is made," *Seaboard Coast Line R. Co. v. Indus. Contracting Co.*, 260 So. 2d 860, 862 (Fla. 4th DCA 1972).

BONYM argues that foreclosure actions are unique in that, typically, if a plaintiff fails to prove a foreclosure action, res judicata will not bar a subsequent action based upon the same mortgage and note. BONYM is correct in that assertion and nothing we say here should be interpreted to bring those cases into doubt. In support of this assertion, BONYM draws our attention to *Singleton v. Greymar Associates*, 882 So. 2d 1004, 1007–08 (Fla. 2004), in which the supreme court explained:

> [A] mortgagor may prevail in a foreclosure action by demonstrating that she was not in default on the payments alleged to be in default, or that the mortgagee had waived reliance on the defaults. In those instances, the mortgagor and mortgagee are simply placed back in the same contractual relationship with the same continuing obligations. Hence, an adjudication denying acceleration and foreclosure under those circumstances should not bar a subsequent action a year later if the mortgagor ignores her obligations on the mortgage and a valid default can be proven.
>
> This seeming variance from the traditional law of res judicata rests upon a recognition of the unique nature of the mortgage obligation and the continuing obligations of the parties in that relationship. . . . If res judicata

5

prevented a mortgagee from acting on a subsequent default even after an earlier claimed default could not be established, the mortgagor would have no incentive to make future timely payments on the note. The adjudication of the earlier default would essentially insulate her from future foreclosure actions on the note— merely because she prevailed in the first action. Clearly, justice would not be served if the mortgagee was barred from challenging the subsequent default payment solely because he failed to prove the earlier alleged default.

However, *Singleton*'s holding was very much tethered to the notion that it is the subsequent defaults that create the subsequent causes of action. *See id.* at 1008 ("We can find no valid basis for barring mortgagees from challenging *subsequent* defaults on a mortgage and note solely because they did not prevail in a previous attempted foreclosure based upon a separate alleged default." (emphasis added)). Yet, by BONYM's own admission, a bank could not bring a subsequent foreclosure action even in a traditional mortgage case for the same default previously sued upon. The subsequent action would have to be based on the borrower's ongoing failure to pay, an obligation absent in reverse mortgages. This admission—that it is the subsequent default which makes res judicata inapplicable to a subsequent foreclosure action on the same note and mortgage—is a well-established point of law. *See, e.g., Forero v. Green Tree Servicing, LLC*, 223 So. 3d 440, 443 (Fla. 2017) ("While it is true that a foreclosure action and an acceleration of the balance due based upon the same default may bar a subsequent action on that default, an acceleration and foreclosure predicated upon subsequent and different defaults present a separate and distinct issue." (quoting *Singleton*, 882 So. 2d at 1007)); *Deutsche Bank Nat'l Tr. Co. v. Forester*, 252 So. 3d 780, 781 (Fla. 5th DCA 2018) ("[T]he trial court erred when it applied the doctrine of res judicata to these subsequent defaults. We therefore reverse the entry of summary judgment and remand for further proceedings."); *Fed. Nat'l Mortg. Ass'n v. Trinidad*, 358 So. 3d 754, 757 n.2 (Fla. 4th DCA 2023) ("Res judicata would not apply here because subsequent and different defaults are separate causes of action."); *Forty One Yellow, LLC v. Escalona*, 305 So. 3d 782, 790 (Fla. 2d DCA 2020) ("'While it is true that a foreclosure action and an acceleration of the balance due based upon the same

6

default may bar a subsequent action on that default, an acceleration and foreclosure predicated upon subsequent and different defaults present a separate and distinct issue' such that the subsequent foreclosure action 'is not necessarily barred by res judicata.'" (quoting *Singleton*, 882 So. 2d at 1007)).

Noticeably absent from the present case is a subsequent event entitling BONYM to accelerate the debt and foreclose.[4] Absent such an event, we conclude that BONYM's reliance on cases applying the doctrine of res judicata to traditional mortgages inapposite. Further, BONYM's reliance on *Hayes v. Reverse Mortgage Solutions, Inc.*, 260 So. 3d 391 (Fla. 3d DCA 2018), and cases discussing the permissive nature of acceleration events as triggers for the statute of limitations is equally misplaced when applied to reverse mortgages in the res judicata context.

BONYM provides no convincing argument as to why we should excuse the absence of a subsequent event here and if we were to extend this modified rule to reverse mortgages what the limiting principle for bringing failed foreclosure after failed foreclosure might be. Our system does not permit such repeated bites of the apple. *See, e.g.*, *Pain Care First of Orlando, LLC v. Edwards*, 84 So. 3d 351, 355 (Fla. 5th DCA 2012) ("[A] new trial is not warranted. Having proceeded to judgment on legally insufficient proof, Appellee does not get a do-over."); *Cleveland v. Crown Fin., LLC*, 212 So. 3d 1065, 1069 (Fla. 1st DCA 2017) ("[C]ourts generally do not provide parties with an opportunity to retry their case upon a failure of proof."); *Carlough v. Nationwide Mut. Fire Ins. Co.*, 609 So. 2d 770, 771–72 (Fla. 2d DCA 1992) ("Under the circumstances, upon remand, Nationwide should not be given a second bite at the apple to present evidence which it failed to produce at the scheduled evidentiary hearing.

---

[4] Because of the nature of reverse mortgages, actions to foreclose upon them will not typically be based on "defaults" in the usual sense of that term. In a traditional mortgage, an acceleration clause relating to defaults is what gives a mortgagee the right to accelerate a debt and attempt to foreclose based upon a mortgagor's default. In that sense, a default is an acceleration event.

7

'Somewhere the curtain must ring down on litigation.'" (citation omitted) (quoting *Broward Cnty v. Coe*, 376 So. 2d 1222, 1223 (Fla. 4th DCA 1979))).  Under one of the terms of Mr. Harvey's reverse mortgage, the sum became due and payable at the time of Mr. Harvey's death.  Upon Mr. Harvey's death, BONYM's predecessor in interest, OneWest, unsuccessfully attempted to foreclose the mortgage based upon that acceleration event.  As that acceleration event cannot occur again, it cannot serve as the basis for a subsequent attempt to foreclose.

## Conclusion

In sum, *Singleton* and its progeny apply in circumstances where a subsequent acceleration event occurs.  In the absence of a subsequent acceleration event, we hold that the traditional doctrine of res judicata may apply to foreclosure actions on a reverse mortgage where the defending party sufficiently proves the doctrine's applicability.  Hidden Ridge did so here. Accordingly, the judgment is affirmed.

AFFIRMED.

MAKAR and PRATT, JJ., concur.

―――――――――――――――――――――――――

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

―――――――――――――――――――――――――